UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Philadelphia Indemnity Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>Richard Alexander Murdaugh, Richard Alexander Murdaugh, Jr. and Renee S. Beach, as Personal Representative of the Estate of Mallory Beach,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>C.A. No.:9:19-cv-2782-RMG<br><br>**(Non-Jury)** |

The plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), by and through its undersigned counsel, complaining of the defendants, Richard Alexander Murdaugh ("Murdaugh"), Richard Alexander Murdaugh, Jr. ("Murdaugh, Jr.") and Renee S. Beach, as Personal Representative of the Estate of Mallory Beach Lawrence R. Meadows ("Beach") ( collectively "the Defendants"), respectfully alleges and states as follows:

## BACKGROUND

1. Philadelphia is an insurance company organized and existing under the laws of the state of Pennsylvania, with its principal place of business in the state of Pennsylvania, and writes insurance policies in the state of South Carolina.

2. Defendant Murdaugh is an individual who is a citizen of the state of South Carolina and resides in Hampton County, South Carolina.

3. Defendant Murdaugh, Jr. is an individual who is a citizen of the state of South Carolina and resides in Hampton County, South Carolina.

4. Defendant Beach is an individual who is a citizen of the state of South Carolina and resides in Hampton County, South Carolina.

5. The loss and claims at issue in this case arise out of the death of Mallory Beach ("decedent") in a boating accident that took place in Beaufort, South Carolina, on or about February 23, 2019. This action involves the interpretation of two insurance policies issued by Philadelphia to Murdaugh.

6. Jurisdiction exists because there is complete diversity of citizenship between Philadelphia and the Defendants, and the amount in controversy, including the potential costs of defending and indemnifying the Defendants, potentially exceeds $75,000.00. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is appropriate under 28 U.S.C. § 1391 because the incidents giving rise to the underlying dispute occurred in South Carolina.

8. This is an insurance coverage action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. § § 2201-2202, and Federal Rule of Civil Procedure 57 to determine that Philadelphia has no duty to defend or indemnify the Defendants for any claims related to and arising out of the actions alleged in the underlying lawsuit styled *Renee S. Beach, as Personal Representative of the Estate of Mallory Beach v. Gregory M. Parker, Inc. a/k/a Parker's Corporation d/b/a Parkers 55, Richard Alexander Murdaugh, and Richard Alexander Murdaugh, Jr.* ("Beach Lawsuit"), C.A. No. 2019-CP-25-00111, currently pending in the Court of Common Pleas for Hampton County, South Carolina. A true and correct copy of the Amended Complaint in the Beach Lawsuit is attached as **Exhibit A.**

**FACTUAL BACKGROUND**

    A.    **Beach Lawsuit**

    9.    The Amended Complaint in the Beach Lawsuit alleges that Murdaugh, Jr. knowingly and willfully allowed his younger brother, a minor, to use his driver's license to purchase and consume alcohol illegally. (Exhibit A, ¶ 8).

    10.    The Amended Complaint in the Beach Lawsuit further alleges that Murdaugh had knowledge or should have had knowledge that his minor son illegally purchased and consumed alcohol on a regular basis by using or displaying the driver's license of his adult son, Murdaugh, Jr., and that he allowed his minor son to illegally use Murdaugh, Jr.'s driver's license to purchase or consume alcohol. (Exhibit A, ¶¶ 9, 10). The Amended Complaint further alleges that it was foreseeable that Murdaugh's minor son would purchase alcohol for consumption by other minors who would then become intoxicated. (Exhibit A, ¶ 10).

    11.    The Amended Complaint alleges that on February 23, 2019, Murdaugh's minor son used his brother's driver's license to purchase alcoholic beverages from Parkers 55 ("Parkers") and that he shared the beverages with other minors who then became intoxicated. (Exhibit A. ¶¶ 12, 14).

    12.    The Amended Complaint in the Beach Lawsuit further alleges that after consuming alcoholic beverages purchased from Parkers, at least one of the intoxicated minors was operating a boat with several passengers in Archer's Creek when the boat collided with a bridge, ejecting decedent from the boat and causing catastrophic injuries to her which ultimately lead to her death. (Exhibit A, ¶¶ 16, 17).

    13.    Beach alleges in the Amended Complaint that Murdaugh was "negligent, negligent per se, careless, reckless, grossly negligent, willful and wanton and acted intentionally" in

knowingly and willfully allowing his minor son to use Murdaugh, Jr.'s driver's license to purchase and consume alcohol and in failing to supervise his son when he knew or should have known that the minor was using another's license to purchase and consume alcohol. (Exhibit A, ¶ 18.j., k.).

14.     Beach also alleges in the Amended Complaint that Murdaugh, Jr. was "negligent, negligent per se, careless, reckless, grossly negligent, willful and wanton and acted intentionally" in knowingly and willfully providing his minor brother with his driver's license for the purpose of purchasing and consuming alcohol by a minor, including his brother, and allowing his minor brother to use his driver's license for that purpose. (Exhibit A, ¶ 18. m., n.).

15.     Beach alleges that the conduct of Murdaugh and Murdaugh, Jr., as well as the conduct of Parkers, combined and concurred as a direct and proximate cause of the injuries and damages suffered by Beach, including grief, sorrow, shock, wounded feelings, mental anguish, loss of support, love and companionship, and caused the injuries and death of decedent. (Exhibit A, ¶¶ 18, 21, 22).

16.     Beach further alleges that Murdaugh, Murdaugh, Jr. and Parkers owed a duty of care to decedent and that they breached their duty entitling Beach to recover actual and punitive damages and attorney's fees and costs. (Exhibit A, ¶¶ 20-22).

### B.     The Policies

17.     On January 6, 2019, Philadelphia issued a commercial lines policy of insurance, bearing policy number PHPK1926389, to "R. Alexander Murdaugh" (Murdaugh), for the policy period January 6, 2019 to January 6, 2020 ("the CGL Policy"). Philadelphia also issued a commercial umbrella liability insurance policy, bearing policy number PHUB660797, to Murdaugh for the same policy period ("the Umbrella Policy"). True and correct copies of these policies are attached as **Exhibits B** and **C**, respectively.

18.  The CGL Policy and the Umbrella Policy describe the business as "Guides and Outfitters."

19.  The insuring agreement of the CGL Policy provides as follows:

**Section I – COVERAGES**

    **Coverage A – BODILY INJURY AND PROPERTY DAMAGE**

        **1.  Insuring Agreement**

            **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

                **(1)**  The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

                **(2)**  Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

            No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

            **b.**  This insurance applies to "bodily injury" and "property damage" only if:

                (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

5

\*\*\*

20. The CGL Policy includes an endorsement entitled "Limitation of Coverage To Designated Activities" under form PI-GO-008 (08/08), which modifies the CGL coverage and provides in relevant part:

> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**
>
> **SCHEDULE**
>
> **Activities:**
>
> Private hunting operations
>
> This insurance applies only to "bodily injury," "property damage," "personal and advertising injury," and medical expenses arising out of the **Activities** listed in the above **SCHEDULE**.
>
> All other items and conditions of this policy remain unchanged.

21. The CGL Policy also includes the following relevant exclusions:

> This insurance does not apply to:
>
> **a.  Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> \*\*\*
>
> **g.  Aircraft, Auto or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others or any …watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that

6

      insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any … watercraft that is owned, operated by or rented or loaned to any insured.

   \*\*\*

22.  The CGL Policy describes who an insured is in Section II – Who Is An Insured. This section of the Policy provides in relevant part:

  1. If you are designated in the Declarations as:

    a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

  \*\*\*

  2. Each of the following is also an insured:

    a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …

    b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

  \*\*\*

23.  The CGL Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

\*\*\*

  3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

  **5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

7

\*\*\*

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**20.** "Volunteer worker" means a person who is not your "employee" and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

24. The Umbrella Policy contains a Schedule of Underlying Insurance which specifically identifies the Philadelphia CGL Policy as the only scheduled underlying insurance.

25. The insuring agreement for the Umbrella Policy provides in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.     Insuring Agreement**

We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit," whether or not collectible, which the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.

**Bodily Injury and Property Damage**

a.   This insurance applies to "bodily injury" or "property damage" only if:

(1)   the "bodily injury" or "property damage" arising out of an "occurrence" takes place in the "coverage territory";

\*\*\*

26. The Umbrella Policy provides as follows with regard to the defense of claims or suits:

> **2.     Defense of Claims or Suits and Supplementary Payments**
>
>> **a.** We will have the right and duty to defend the insured against any "suit" seeking damages which are payable under COVERAGES A or B including damages wholly or partly within the "retained limit," but which are not payable by a policy of "underlying insurance ," or any other available insurance because:
>>
>>> **(1)** Such damages are not covered; or
>>>
>>> **(2)** The "underlying insurance" has been exhausted by the payment of claims.
>
> \*\*\*
>
>> **e.** We will have no duty to defend the insured against any claim or "suit" that any other insurer has a duty to defend. If we elect to join in the defense of such claims or "suits," we will pay all expenses we incur, but we will not contribute to the expenses of the insured or the "underlying insurer."

27. The Umbrella Policy includes an endorsement entitled "GENERAL LIABILITY FOLLOW FORM ENDORSEMENT" (form PI-CXL-041) which provides in relevant part:

> **GENERAL LIABILITY FOLLOW FORM ENDORSEMENT**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL UMBRELLA LIABILITY INSURANCE POLICY**
>
> This policy is intended to include Commercial General Liability Coverage.
> The Commercial General Liability insurance provided will follow the same provisions, exclusions and limitations that are contained in the applicable underlying insurance "shown in the Schedule of Underlying Insurance unless otherwise directed by this policy, or an endorsement to this policy.
>
> To the extent that such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "underlying insurance."

9

Any per location or per project aggregate limit of insurance that is extended in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance will not apply to the coverage provided by this endorsement.

28. The Umbrella Policy contains the following relevant exclusions:

**3. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

**g. Aircraft or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others or any …watercraft owned or operated by; or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

\*\*\*

29. The Umbrella Policy contains provisions which define who an insured is under Section II – Who Is An Insured. That section of the Policy provides in relevant part:

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

\*\*\*

**3.** Each of the following is also an insured:

\*\*\*

10

    **c.**    Except with respect to aircraft and the "auto hazard":

        **(1)**    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …

        **(2)**    Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

\*\*\*

    **f.**    Any other person or organization insured under any policy of the "underlying insurance." This grant is subject to all the limitations upon coverage under such policy other than the limits of the "underlying insurers" liability.

\*\*\*

30. The Umbrella Policy contains an "Other Insurance" condition which provides that the Umbrella Policy is excess over and shall not contribute with any other insurance whether primary, excess, contingent or on any other basis. It further provides that when the Umbrella Policy is excess, Philadelphia has no duty to defend the insured under the Umbrella Policy against any suit unless no other insurer defends.

31. The Umbrella Policy also contains several definitions relevant to this action. Those definitions provide as follows:

    **SECTION V – DEFINITIONS**

    \*\*\*

    **8.**    "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

    \*\*\*

**12.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

\*\*\*

**15.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**20.** "Retained limit" is the amount stated in the Declarations as such. If the policies of "underlying insurance " do not apply to the "occurrence" or offense, the insured shall retain this amount as self-insurance with respect to:

**(a)** "bodily injury" or "property damage" caused by each occurrence…

\*\*\*

**24.** "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of Underlying insurance and includes:

**a.** Any renewal or replacement of such policies; and

**b.** Any other insurance available to the insured.

\*\*\*

**25.** "Underlying insurer" means any insurer which provides any policy of insurance listed in the Schedule of Underlying Insurance or any other insurance available to the insured.

**26.** "Volunteer worker" means a person who is not your "employee" and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

32. Murdaugh and Murdaugh, Jr. are seeking coverage under the CGL and Umbrella Policies (collectively "the Policies") in connection with the Beach Lawsuit. Philadelphia is currently defending them under the CGL Policy pursuant to a reservation of rights.

33. Philadelphia is entitled to a judicial declaration that it owes no duty of defense to Murdaugh and Murdaugh, Jr. and no duty to indemnify the Defendants in connection with the Beach Lawsuit.

## FOR A FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

34. The allegations contained in paragraphs 1 through 33 are incorporated as if fully stated here.

35. Philadelphia seeks a declaration from this Court that it has no defense or indemnification obligations to Murdaugh, Murdaugh, Jr., and Beach under the Policies in connection with the claims alleged against them in the Beach Lawsuit.

### A. There is No Coverage Because the Endorsement for Limitation of Coverage to Designated Activities Applies.

36. The Limitation of Coverage to Designated Activities endorsement is contained in the CGL Policy and is incorporated into the Umbrella Policy per the Follow Form Endorsement.

37. The activities designated in the endorsement are ["p]rivate hunting operations."

38. The endorsement limits coverage under the Policies to bodily injury arising out of private hunting activities.

39. There are no allegations in the Amended Complaint in the Beach Lawsuit that the bodily injury described therein arose out of private hunting operations.

40. Therefore, there is no coverage under the Policies and Philadelphia has no duty to defend or indemnify the Defendants.

### B. Murdaugh and Murdaugh, Jr. are not Insureds under the Policies.

41. Murdaugh, an individual, is the named insured listed on the Declarations for the Policies.

13

42. Under the Policies, if the named insured is designated as an individual, the named insured and his spouse are insureds but only with respect to conduct of a business of which the named insured is the sole owner.

43. There are no allegations in the Amended Complaint in the Beach Lawsuit that any conduct on the part of Murdaugh, the named insured, arises out of the conduct of a business of which Murdaugh is the sole owner. Therefore, he is not an insured under the Policies with regard to the claims alleged against him in the Beach Lawsuit.

44. Murdaugh, Jr. is the son of the named insured. He is not an insured under the Policies because he is not the spouse of the named insured, nor is he an employee, volunteer worker or real estate manager for Murdaugh.

45. Because Defendants Murdaugh and Murdaugh, Jr. are not insureds under the Policies, there is no coverage for either of them under the Policies and Philadelphia has no duty to defend or indemnify the Defendants.

**C.     There Is No Coverage Because the Claims in the Beach Lawsuit Do Not Constitute an Occurrence.**

46. Under the Policies, Philadelphia agreed to provide coverage, subject to the terms and provisions of each policy, for damages that the insured becomes legally obligated to pay because of bodily injury caused by an occurrence that occurs during the policy period.

47. The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage."

48. Beach alleges in the Amended Complaint in the Beach Lawsuit that Murdaugh and Murdaugh, Jr. willfully and knowingly permitted Murdaugh's minor son to use Murdaugh, Jr.'s

driver's license to purchase and consume alcohol, resulting in the injuries and death of decedent. Beach further alleges that Murdaugh and Murdaugh, Jr. acted intentionally.

49. The alleged acts are not accidents under the Policies.

50. Therefore, the conduct giving rise to the bodily injuries alleged in the Amended Complaint in the Beach Lawsuit is not an occurrence and there is no coverage under the Policies.

**D.     Coverage is Excluded for Bodily Injury Under the Watercraft Exclusion.**

51. The Policies include an exclusion for damages arising out of the ownership, maintenance, use or entrustment to others of any watercraft owned by any insured.

52. Under the CGL Policy, the exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, or monitoring of others by that insured if the occurrence which caused the bodily injury involved the ownership, maintenance, use or entrustment to others of any watercraft owned by any insured.

53. In the event that Murdaugh is an insured under the CGL Policy, which is denied, the exclusion operates to exclude coverage for Murdaugh and Murdaugh, Jr. because the bodily injury to decedent arose out of the use or entrustment to others of a watercraft owned by Murdaugh.

54. Further, in the event that the conduct on the part of Murdaugh and Murdaugh, Jr. constitutes an occurrence, and in the event Murdaugh and/or Murdaugh, Jr. are insureds under the CGL Policy, the exclusion operates to exclude coverage for Murdaugh and Murdaugh, Jr. for negligent supervision or monitoring because the occurrence which caused the bodily injury to the decedent involved the use of a boat owned by Murdaugh.

55. In the event that Murdaugh is an insured under the Umbrella Policy, which is denied, coverage is excluded for Murdaugh and Murdaugh, Jr. because the bodily injury to the decedent arose out of the use or entrustment of a boat owned by Murdaugh.

56. In addition, under the Umbrella Policy, the watercraft exclusion excludes coverage for Murdaugh and Murdaugh, Jr. for negligence or other wrongdoing in the monitoring or supervision of Murdaugh's/Murdaugh, Jr.'s minor son/minor brother.

57. Therefore, coverage is excluded under the Policies' watercraft exclusion and there is no duty to defend or indemnify the Defendants for the claims made in the Amended Complaint in the Beach Lawsuit.

### E.   Coverage is Excluded for Bodily Injury Under the Expected or Intended Injury Exclusion.

58. The Policies include an exclusion for injury expected or intended from the standpoint of the insured.

59. Beach further alleges in the Amended Complaint that Defendants Murdaugh and Murdaugh, Jr. acted intentionally in allowing a minor to use an adult's driver's license to purchase and consume alcohol.

60. According to the allegations of the Amended Complaint filed in the Beach Lawsuit, it was foreseeable that a minor who illegally purchases alcohol would share it with other minors who would become intoxicated.

61. The alleged conduct on the part of Defendants Murdaugh and Murdaugh, Jr. in allowing a minor to use an adult's driver's license to purchase and consume alcohol, knowing that said minor would provide the alcohol to others who would then become intoxicated, is so inherently dangerous that the intent to harm is inferred.

62. Therefore, in the event that Murdaugh and/or Murdaugh, Jr. are insureds under the Policies, which is denied, the expected or intended injury exclusion excludes coverage under the Policies and Philadelphia has no duty to defend or indemnify the Defendants.

### F.    <u>**No Duty to Defend**</u>

63. Philadelphia agreed to provide a defense to the insured for damages to which the insurance applies and does not have a duty to defend the insured against any suit seeking damages to which the insurance does not apply.

64. Because there is no coverage under the Policies, there is no duty to defend Murdaugh and Murdaugh, Jr. under the Policies.

WHEREFORE, a justiciable controversy exists between the parties in this action arising out of these claims. Therefore, Philadelphia asks this Court to construe and determine the rights of the parties and to declare that:

a. The Policies issued by Philadelphia to R. Alexander Murdaugh provide no coverage for the claims asserted in the Amended Complaint in the Beach Lawsuit; and

b. Philadelphia has no duty to defend or indemnify Murdaugh, Murdaugh, Jr. and Beach for the claims asserted in the Beach Lawsuit.

Philadelphia prays that it be granted the relief set forth above, the costs of this action, and any such other and further relief as this Court shall deem just and proper.

*s/Phillip E. Reeves*
Phillip E. Reeves (Fed. I.D. No. 3232)
Jennifer E. Johnsen (Fed. I.D. No. 5427)
Gallivan, White & Boyd, P.A.
Post Office Box 10589
Greenville, South Carolina 29603
(864)271-9580
preeves@gwblawfirm.com
jjohnsen@gwblawfirm.com

Attorneys for Plaintiff, Philadelphia Indemnity Insurance Company

Greenville, South Carolina

September 30, 2019