# EXHIBIT A
## (Amended Summons & Complaint – Beach vs. Parker, et al)

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HAMPTON ) | CASE NO.: 2019-CP-25-00111 |
| ) | |
| RENEE S. BEACH, as Personal ) | |
| Representative of the Estate of ) | |
| MALLORY BEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AMENDED **SUMMONS** |
| ) | **Wrongful Death** |
| GREGORY M. PARKER, INC. a/k/a ) | |
| PARKER'S CORPORATION d/b/a ) | (*Jury Trial Demanded*) |
| PARKERS 55, RICHARD ALEXANDER ) | |
| MURDAUGH, and RICHARD ) | |
| ALEXANDER MURDAUGH, JR., ) | |
| ) | |
| Defendants. ) | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 265 Barnwell Highway, Allendale, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiffs will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

                                        GOODING AND GOODING, P.A.
                                        By: s/Mark B. Tinsley
                                            Mark B. Tinsley – S.C. Bar # 15597
                                            P.O. Box 1000
                                            Allendale, SC  29810
                                            803-584-7676
                                            Attorneys for Plaintiff

May 24, 2019

ELECTRONICALLY FILED - 2019 May 24 4:22 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HAMPTON ) | CASE NO.: 2019-CP-25-00111 |
| ) | |
| RENEE S. BEACH, as Personal ) | |
| Representative of the Estate of ) | |
| MALLORY BEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **AMENDED COMPLAINT** |
| ) | **Wrongful Death** |
| GREGORY M. PARKER, INC. a/k/a ) | |
| PARKER'S CORPORATION d/b/a ) | *(Jury Trial Demanded)* |
| PARKERS 55, RICHARD ALEXANDER ) | |
| MURDAUGH, and RICHARD ) | |
| ALEXANDER MURDAUGH, JR., ) | |
| ) | |
| Defendants. ) | |

The Plaintiff alleges:

1. That she is the duly appointed Personal Representative of the Estate of Mallory Beach and that she is a beneficiary of the Estate.

2. That she and decedent were at all times relevant herein residents of the State of South Carolina.

3. Upon information and belief, Defendant Gregory M. Parker, Inc. a/k/a Parker's Corporation d/b/a Parkers 55 (hereinafter "Parker's") is a foreign corporate entity which maintains agents and employees, transacts business, owns and/or manages real estate, and otherwise is connected by ownership and operation to a gas station and convenience stores located South Carolina and for whose benefit a beer and wine sales permits were issued for their business.

4. Upon information and belief, Parker's has undertaken and is charged with duties of care at law by reason of their ownership, operation, marketing, management, maintenance, alcohol

2

ELECTRONICALLY FILED - 2019 May 24 4:22 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

sales and other exercises of control over the subject Parker's gas stations and convenience stores, including the one located at 7021 Okatie Highway, Ridgeland, South Carolina.

5. That Parker's is a for-profit corporate entity and derives substantial revenues and profits from the sale of alcohol and as such is responsible for training and supervising its employees so as to not allow the illegal purchase of alcohol by minors or by people using the identification of others.

6. That Defendant Richard Alexander Murdaugh is a citizen and resident of Hampton County, South Carolina.

7. That Defendant Richard Alexander Murdaugh, Jr. is a citizen and resident of the Hampton County, South Carolina.

8. That Defendant Richard Alexander Murdaugh, Jr. is over twenty-one (21) years of age and knowingly and willfully allowed his younger brother, who is under the age of twenty-one (21), to use his driver's license to purchase and consume alcohol illegally. Further, it was foreseeable that his minor brother would use the license to purchase alcohol for consumption by other minors and this defendant had actual knowledge that the license was so used.

9. That, at all pertinent times herein, Defendant Richard Alexander Murdaugh had knowledge or should have known that his minor son illegally purchased and consumed alcohol on a regular basis by using or displaying the driver's license of his adult son, Defendant Alexander Murdaugh, Jr.

10. That, at all pertinent times herein, Defendant Richard Alexander Murdaugh knowingly and willfully allowed his minor son to illegally use Defendant Richard Alexander Murdaugh, Jr.'s driver license to purchase or consume alcohol and that it was foreseeable that his minor son would purchase alcohol for consumption by other minors.

11. That this Court has jurisdiction over the parties hereto and in the subject matter hereof.

12. That on or about the 23rd day of February 2019 Parker's knowingly and wilfully sold alcoholic beverages to Defendant Richard Alexander Murdaugh's minor son under the age of twenty-one (21), who used a means of identification that was obviously not his own but instead belonged to his adult brother, Defendant Richard Alexander Murdaugh, Jr. This minor then shared the beverages with other minors. The agent, servant or employee of Parker's who made the sale, knew or should have known that the license used by the minor to make the purchase was not his or in the exercise of any care could have looked at the license and ascertained it did not belong to the boy making the purchase.

13. That the certain minor(s) referenced herein consumed the alcohol from Parker's.

14. That the minor(s) referenced herein became intoxicated after consuming the alcohol illegally purchased from Parker's.

15. That it is foreseeable that a minor who illegally purchases alcohol would share said alcohol with other minors and that the minors would become intoxicated.

16. That certain minors referenced herein consumed the alcohol obtained from Parker's throughout the evening of February 23, 2019, and at least one of the minors was operating a boat with several passengers in Archer's Creek when the boat collided with a bridge, thereby ejecting Mallory Beach from the boat and causing catastrophic injuries to her person, which ultimately lead to her death.

17. That at the time of the collision, the minor who was operating the boat was intoxicated from alcohol that was illegally sold by Parker's.

18. That Defendants were negligent, negligent per se, careless, reckless, grossly

ELECTRONICALLY FILED - 2019 May 24 4:22 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

negligent, willful and wanton and acted intentionally at the times and places above mentioned in the following particulars:

### As to Defendant Parker's

a. In selling alcoholic beverages to a patron they knew or should have known was under the age of twenty-one (21);

b. In failing to adequately train, supervise or monitor their employees;

c. In hiring employees who were insufficiently trained or qualified for the responsibilities of their employment;

d. In failing to implement policies and standards regarding the responsible sale and service of alcoholic beverages or, if so implemented, in failing to insure that those policies and standards were followed by their employees;

e. In failing to follow generally accepted standards of care applicable to the sale and service of alcoholic beverages to members of the public;

f. In failing to even look at the identification presented by the patron to verify that it belonged to the person making the purchase;

g. In failing to question the person making the purchase about the identification being presented given the tremendous disparity in height and weight between the person making the purchase and the information on the license;

h. In failing to use the degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances; and

i. In such other and further particulars as the evidence in trial may show;

### As to Defendant Richard Alexander Murdaugh

j. In knowingly and willfully allowing his minor son, under the age of twenty-one (21), to use Richard Alexander Murdaugh, Jr.'s driver's license to purchase and consume alcohol;

k. In failing to supervise his son when he knew or should have known that the minor was using another's license to purchase and consume alcohol; and

l. In such other and further particulars as the evidence in trial may show;

ELECTRONICALLY FILED - 2019 May 24 4:22 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

### As to Defendant Richard Alexander Murdaugh, Jr.

m. In knowingly and willfully providing his minor brother, under the age of twenty-one (21), with his driver's license for the purpose of purchasing and consuming alcohol by minors, including his brother;

n. In knowingly and willfully allowing his minor brother, under the age of twenty-one (21), to use his driver's license for the purpose of purchasing and consuming alcohol by minors, including his brother; and

o. In such other and further particulars as the evidence in trial may show;

all of which combined and concurred as a direct and proximate cause of the injuries and damages suffered by Plaintiff herein, said acts being in violation of the statute and common laws of the State of South Carolina.

19. That the Defendants owed Mallory Beach and the public at large common law and/or statutory duties of care or undertook these duties of care.

20. That the Defendants breached their duties as aforesaid.

21. That as a result of her death the beneficiaries of Ms. Beach have endured grief, sorrow, shock, wounded feelings, mental anguish, the loss of support, love and companionship, along with other damages as allowed by law.

22. That as a direct and proximate result of the acts and/or omissions of the Defendants, Mallory Beach met an untimely death and her beneficiaries have endured grief, sorrow, shock, wounded feelings, mental and emotional anguish and anxiety, and loss of the decedent's support, love, companionship and consortium.

WHEREFORE, Plaintiff prays for a joint and several award against the Defendants for actual and punitive damages, costs and attorneys' fees.

ELECTRONICALLY FILED - 2019 May 24 4:22 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

ELECTRONICALLY FILED - 2019 May 24 4:22 PM - HAMPTON - COMMON PLEAS - CASE#2019CP2500111

GOODING AND GOODING, P.A.

By: s/Mark B. Tinsley
    Mark B. Tinsley – S.C. Bar #15597
    P.O. Box 1000
    Allendale, SC 29810
    803-584-7676
    Attorneys for Plaintiff

May 24, 2019