IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

CIVIL ACTION NUMBER: 9:19-cv-02782-SAL

| | |
|---|---|
| Philadelphia Indemnity Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Richard Alexander Murdaugh, Richard Alexander Murdaugh, Jr. and Renee S. Beach, as Personal Representative of the Estate of Mallory Beach,<br><br>Defendants. | **ANSWER OF DEFENDANTS RICHARD ALEXANDER MURDAUGH AND RICHARD ALEXANDER MURDAUGH, JR.** |

The Defendants Richard Alexander Murdaugh and Richard Alexander Murdaugh, Jr. ("Murdaugh Defendants") answer the Complaint for Declaratory Judgment of the Plaintiff as follows:

### AS A FIRST DEFENSE

1. They admit the allegations of Paragraphs 1 through 7 of said Complaint.

2. They admit only so much of the allegations contained in Paragraph 8 of said Complaint as may be construed to allege that this is an action for Declaratory Judgment to determine insurance coverage under applicable policies for claims arising out of the referenced underlying lawsuit. The remaining allegations contained in said paragraph inconsistent with or in addition to these admissions are denied.

3. In response to Paragraphs 9 through 16, they admit only that the stated allegations are correct recitations of the allegations contained in the underlying lawsuit but they deny the truth of each and every allegation contained therein.

4. They admit the allegations contained in Paragraph 17 of said Complaint.

TPGL 9999488v1

5. They admit only so much of the allegations contained in Paragraph 18 of said Complaint as may be construed to allege that at certain points in the policy the "Business" is described as "Guides and Outfitters." They also allege that other designated businesses are described elsewhere in the policy.

6. They admit the allegations contained in Paragraphs 19 through 31 but would also crave reference to the applicable policies in their entirety.

7. They admit the allegations contained in Paragraph 32 of said Complaint.

8. They deny the allegations contained in Paragraph 33 of said Complaint.

9. In response to Paragraph 34, Defendants reaffirm and reallege the responses of the preceding paragraphs as fully as if set forth again verbatim.

10. In response to Paragraph 35 of said Complaint, they admit that Plaintiff seeks a declaration from this court of the rights and responsibilities between the parties but deny the allegations to the extent they may be construed to allege that the policies do not provide coverage for the Murdaughs.

11. In response to Paragraphs 36 through 40 they admit only the factual allegations contained in said paragraphs but deny that the policies do not provide coverage for the Murdaughs in the underlying litigation.

12. In response to Paragraphs 41 through 45 they admit only the factual allegations contained in said paragraphs but deny that the policies do not provide coverage for the Murdaughs in the underlying litigation.

13. In response to Paragraphs 46 through 50 they admit only the factual allegations contained in said paragraphs but deny that the policies do not provide coverage for the Murdaughs in the underlying litigation.

14. In response to Paragraphs 51 through 57 they admit only the factual allegations contained in said paragraphs but deny that the policies do not provide coverage for the Murdaughs in the underlying litigation.

15. They admit the allegations contained in Paragraph 58 of said Complaint.

16. They deny the allegations contained in Paragraph 59 of said Complaint.

17. They deny the allegations contained in Paragraph 60 of said Complaint.

18. In response to Paragraph 61 of said Complaint, they deny that said paragraph contains true and correct recitations of the allegations of the Complaint and therefore deny the allegations contained in Paragraph 61.

20. They deny the allegations contained in Paragraph 62 of said Complaint.

21. They admit the allegations contained in Paragraph 63 of said Complaint.

22. They deny the allegations contained in Paragraph 64 of said Complaint.

WHEREFORE, having fully answered, the Defendants pray that the court inquire into the matter and determine the rights and responsibilities of the parties to the contracts of insurance referenced herein.

Respectfully submitted,

TURNER PADGET GRAHAM & LANEY, P.A.

s/John S. Wilkerson, III
John S. Wilkerson, Federal ID No.: 4657
40 Calhoun Street, Suite 200
Post Office Box 22129 (29413)
Charleston, SC 29401
Telephone: (843) 576-2801
Facsimile: (843) 577-1649
Email: jwilkerson@turnerpadget.com

**ATTORNEYS FOR DEFENDANTS RICHARD ALEXANDER MURDAUGH AND RICHARD ALEXANDER MURDAUGH, JR.**

January 22, 2020
Charleston, South Carolina