IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

CIVIL ACTION NUMBER:  9:19-cv-02782-SAL

Philadelphia Indemnity Insurance Company,

                              Plaintiff,

         v.

Richard Alexander Murdaugh, Richard
Alexander Murdaugh, Jr. and Renee S.
Beach, as Personal Representative of the
Estate of Mallory Beach,

                              Defendants.

**AFFIDAVIT OF RICHARD ALEXANDER
MURDAUGH**

PERSONALLY APPEARED BEFORE ME, the undersigned, who first being duly sworn,
deposes and states as follows:

1. I, Richard Alexander Murdaugh, am over eighteen (18) years of age and have knowledge
   of the facts contained in this affidavit.

2. I obtained Commercial Lines Policy ("the CLP Policy") number PHPK1926389 from
   Philadelphia Indemnity Insurance Company for the policy period of January 6, 2019 to
   January 6, 2020.  I paid the premiums associated with this policy.

3. I obtained Commercial Umbrella Liability Insurance Policy ("the Umbrella Policy")
   number PHUB660797 from Philadelphia Indemnity Insurance Company for the policy
   period of January 6, 2019 to January 6, 2020.  I paid the premiums associated with this
   policy.

4. While I do engage in Private Hunting Operations, I do not and have never engaged in
   those operations as a business.  I have never owned or operated or intended to own or
   operate a Guides & Outfitters Operation or Private Hunting Operations business, nor
   have any of my immediate family members.

5. I am not the sole owner of any business.  I was not the sole owner of any business at the
   time I applied for and obtained the CLP Policy or the Umbrella Policy, nor did I have the
   intention of becoming the sole owner of any business at any point afterwards.

6. In the process of applying for and obtaining the CLP Policy and the Umbrella Policy, I
   did not and would not have sought policies under which coverage would apply to a
   Guides & Outfitters Operation or Private Hunting Operations business, as neither I nor

my family have ever engaged in such a business. Likewise, I did not and would not have sought policies under which coverage would apply to "the conduct of a business of which you are the sole owner," because I was not the sole owner of any business.

7. When I applied for the CLP Policy and the Umbrella Policy, I had the intention and expectation of obtaining insurance that would protect myself, my spouse, and other potential insureds from the type of claims as those alleged in the underlying suit of *Gregory M. Parker, Inc. a/k/a Parker's Corporation d/b/a Parkers 55, Richard Alexander Murdaugh, and Richard Alexander Murdaugh, Jr.* (2019-CP-25-00111).

8. In applying for and obtaining the Umbrella Policy, I intended to procure a policy that would provide excess coverage over various other underlying liability policies, including Progressive Northern Insurance Company policy number 85003211, which provided insurance coverage for the watercraft involved in the February 23, 2019 accident. Attached hereto as Exhibit A is an authentic copy of that policy.

9. I am the named insured on Progressive Northern Insurance Company policy number 85003211.

10. Progressive Northern Insurance Company is providing a defense to me and my son, Richard Alexander Murdaugh, Jr., in the underlying suit of *Gregory M. Parker, Inc. a/k/a Parker's Corporation d/b/a Parkers 55, Richard Alexander Murdaugh, and Richard Alexander Murdaugh, Jr.* (2019-CP-25-00111).

FURTHER THE AFFIANT SAYETH NOT.

_____

Richard Alexander Murdaugh

Subscribed and sworn to before me,
This 27th day of November, 2020.

_____

Notary Public for State of South Carolina

My commission expires: 10 - 04 , 2022

HILTON HEAD INS
1000 WLM HLT PKY J13
HILTON HEAD, SC 29928



RICHARD MURDAUGH
PO BOX 457
HAMPTON, SC 29924

**Policy number: 85003211**

Underwritten by:
Progressive Northern Insurance Co
December 10, 2018
Policy Period: Jan 16, 2019 - Jan 16, 2020
Page 1 of 3

**1-843-422-4154**
**HILTON HEAD INS**
Contact your agent for personalized service.

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Boat Insurance
# Coverage Summary
This is your Renewal
Declarations Page

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on January 16, 2019 at 12:01 a.m. This policy expires on January 16, 2020 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a watercraft may not be combined with the limits for the same coverage on another watercraft, unless the policy contract or endorsements indicate otherwise. The policy contract is form 2748 SC (08/14). The contract is modified by forms A066 SC (07/11), A067 (03/12), Z820 (12/11), Z838 (06/10) and 9869 SC (10/14).

## Underwriting Company

Progressive Northern Insurance Co
P.O. Box 6807
Cleveland, OH 44101
1-800-876-5581

## Drivers and household residents

Additional information

Richard Murdaugh                    Named insured

## Outline of coverage

**2006 Sea Hunt 175 Escape**

Total Horsepower: 90
Hull ID #: SXST3013H506              Registration number:  B6S6S004
Propulsion type: Outboard           Number of motors:  1
Outboard #1        Year: 2006       Make: YAMAH              Horsepower: 90
Trailer information   Year: 2006    Make: MAGIG

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | |
| Bodily Injury and Property Damage Liability | $500,000 combined single limit each accident | | |
| Includes Fuel Spill Liability | | | |
| Uninsured Boater | $500,000 combined single limit each accident | | |
| Medical Payments | $1,000 each person | | |
| Coastal Navigation | 75 Nautical Miles | | |
| Total premium for 2006 Sea Hunt | | | |


Continued

Form 6489 SC (02/10)

Policy number: 85003211
Richard Murdaugh
Page 2   of 3

### 2007 Grady-White 300 Marlin WA

Total Horsepower: 500
Hull ID #: NTLCC404F607            Registration number:   B3K3K084
Propulsion type: Outboard          Number of motors:  2

| | | | | |
|---|---|---|---|---|
| Outboard #1 | Year: 2007 | Make: YAMAH | | Horsepower: 250 |
| Outboard #2 | Year: 2007 | Make: YAMAH | | Horsepower: 250 |
| Trailer information | Year: 2007 | Make: NONEN | | |

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | |
|   Bodily Injury and Property Damage Liability | $500,000 combined single limit each accident | | |
|   Includes Fuel Spill Liability | | | |
| Uninsured Boater | $500,000 combined single limit each accident | | |
| Medical Payments | $1,000 each person | | |
| Comprehensive | Total Loss Replacement/Purchase Price | $0 | |
| | Purchase Price $140,000 | | |
| | Named Storm Deductible | $7,000 | |
| Collision | Total Loss Replacement/Purchase Price | $0 | |
| | Purchase Price $140,000 | | |
| Included with Comprehensive and Collision: | | | |
|   Disappearing Deductible | | | |
|   Wreckage Removal | | | |
|   Marine Electronics | | $500 | |
|   Trailer | | $250 | |
| Sign & Glide® | | | |
| Coastal Navigation | 75 Nautical Miles | | |
| Replacement Cost Personal Effects | $3,000 | $250 | |
| Roadside Assistance | | | |
| Total premium for 2007 Grady-White | | | |
| **Total 12 month policy premium** | | | |
| Discount if paid in full | | | |
| **Total 12 month policy premium if paid in full** | | | |

## Premium discounts

| Policy | |
|---|---|
| 85003211 | Claim Free Renewal, Home Owner, Multi-Policy, Multi-Vehicle and Prompt Payment |

| Driver | |
|---|---|
| Richard Murdaugh | Responsible Driver |

## Lienholder information

| Vehicle | Lienholder |
|---|---|
| 2007 Grady-White 300 Marlin WA | Palmetto State Bank |
| NTLCC404F607 | Hampton, SC 29924 |

## Important information regarding Coastal Navigation restrictions

A coastal navigation limit applies to this policy.  Unless you pay a premium for Coastal Navigation Limit coverage, you are not covered for losses that occur more than 75 nautical miles from the coast of the United States or Canada or for losses that occur in any territory or territorial waters of any country other than the United States or Canada.


Continued

## Important information on the watercraft value

The watercraft dollar amount that is listed on the declarations page is the amount that you indicated includes the watercraft, motor(s), trailer (if you selected coverage for your trailer), permanently attached equipment and portable boating equipment.

## Deductibles

All physical damage losses, regardless of loss settlement option and whether partial or total, are subject to the applicable deductible.

Policy number: 85003211-9
RICHARD MURDAUGH
Page 1 of 2

## Sign & Glide® Coverage Endorsement

Part IV of **your** policy is amended as follows:

1. The Insuring Agreement - Watercraft Emergency Towing and Labor Coverage in Part IV is deleted.

2. The following is added:

### Insuring Agreement - Sign & Glide® Coverage

If **you** pay the premium for this coverage for a **covered watercraft**, one of **our** authorized service representatives will send one **watercraft** to provide **you** with **covered services** that are necessary due to a **covered disablement** involving that **covered watercraft**.

If none of **our** authorized service representatives are available, **we** will pay the reasonable charges, as determined by **us**, for **covered services** rendered by a licensed service provider that **you** or a **relative** incur due to the **covered disablement**. However, **we** will not pay for such **covered services** unless **we** were given notice and approved the use of the licensed service provider in advance. **We** will not pay more than $250 per hour or $3000 per **covered disablement** for **covered services** rendered by a provider other than one of **our** authorized service representatives.

Duplicate recovery for the same elements of damages is not permitted under this policy.

THIS COVERAGE IS NOT A PROMISE OF, OR COMMITMENT TO PROVIDE OR PAY FOR, RESCUE. IN AN EMERGENCY SITUATION, **YOU** MUST IMMEDIATELY CONTACT THE COAST GUARD OR OTHER GOVERNMENT AGENCY.

For purposes of this Sign & Glide® Coverage, the following definitions apply:

1. "**Covered disablement**" means the disablement of a **covered watercraft** while afloat that results from:

    a. mechanical or electrical breakdown;

    b. battery failure;

    c. insufficient supply of fuel, oil, water, or other fluid;

    d. lock-out; or

    e. soft grounding.

    "**Covered disablement**" does not include any disablement resulting from a loss covered, or for which coverage is sought, under Collision Coverage or Comprehensive Coverage.

2. "**Covered services**" means the following services:

    a. the following if performed at the place of **covered disablement**:

        i. jump start;

        ii. delivery of fuel, oil or other fluid;

        iii. disentanglement that does not require use of a diver; and

        iv. soft ungrounding assistance, but only if the **covered watercraft**:

            1) is in a stable, safe condition;

            2) is not in dangerous surf or a dangerous surf line;

            3) is surrounded by water on all sides;

            4) can be rocked; and

            5) can be refloated upon initial arrival or at the next high tide in 15 minutes or less by one **watercraft** from **our** authorized service representative; and

    b. on water towing from the site of the **covered disablement** to the nearest accessible dock or port where the **watercraft** can be repaired or removed from the water. If the **covered watercraft** is towed to any place other than the nearest such dock or port, **you** will be responsible for any additional charges incurred.


Continued

Policy number: 85003211-9
RICHARD MURDAUGH
Page 2 of 2

Sign & Glide® Coverage will not apply to:

1.  the cost of purchasing parts, fluid, lubricants, fuel or replacement keys, or the labor to make replacement keys;

2.  installation of products and materials not related to the **covered disablement**;

3.  labor not related to the disablement;

4.  labor for any time period in excess of 60 minutes per disablement;

5.  towing or storage related to impoundment, abandonment, illegal docking or mooring, or other violations of law or regulations;

6.  damage or disablement due to fire. This exclusion does not apply to fire caused by a **covered disablement**;

7.  damage or disablement due to vandalism;

8.  towing from a repair facility;

9.  labor or repair work performed at a repair facility;

10. **watercraft** storage, hauling, launching, commissioning, decommissioning, mooring, or docking charges or other marina charges;

11. a second service call or tow for a single disablement;

12. repeated service calls for a **covered watercraft** in need of routine maintenance or repair;

13. disablement that results from an intentional or willful act or action by **you**, a **relative**, or the operator of the **covered watercraft**;

14. **watercraft** used for business or commercial purposes;

15. salvage operations;

16. a **covered watercraft** that is wrecked, beached, on fire, taking on water, in the surf or surf line, sinking, or sunk;

17. assistance requiring one or more pumps, divers, airbags or other special equipment;

18. **covered disablements** that occur outside the normal boating season;

19. circumstances where **our** authorized service representative determines that the **covered watercraft** cannot be reached, secured or serviced without unreasonable risk of injury to persons or damage to any property;

20. escort or navigation assistance;

21. search for lost **watercraft**;

22. retrieving anchors or other equipment; or

23. United States or foreign customs fees.

The Other Sources of Recovery provision in Part IV of **your** policy does not apply to this Sign & Glide® Coverage. Instead, any coverage provided under this Sign & Glide® Coverage for service rendered by an unauthorized service provider will be excess over any other collectible insurance or labor, assistance or towing protection coverage.

**All other terms, limits, and provisions of this policy remain unchanged.**

Form A067 (03/12)

Policy number: 85003211-9
RICHARD MURDAUGH
Page 1   of 3

## Cancellation Refund Endorsement

The Cancellation Refund provision in the General Provisions part of **your** policy is deleted and replaced by the following:

### CANCELLATION REFUND

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If cancellation is at **your** request, any refund due will be computed on a 90% of a daily pro rata basis. This is an accelerated method of calculating earned premium on cancellations. For all other cancellations, any refund due will be computed on a daily pro rata basis.

If **your** policy premiums are financed by a premium service company, any refund due upon policy cancellation will be computed on a daily pro rata basis, in accordance with South Carolina law, excluding any expense constant, administrative fee or nonrefundable charge filed with, and approved by, the insurance commissioner.

**All other terms, limits and provisions of this policy remain unchanged.**

Form 9869 SC (10/14)

## Boat and Personal Watercraft Policy Endorsement

**Your** policy is amended as follows:

### Part IV - Physical Damage Coverage

a.    The following is added to subsection 2. of the Limits of Liability provision:

    i.    For loss to a **covered watercraft** caused directly or indirectly by a weather system designated by the U.S. National Weather Service and/or the National Hurricane Center as a tropical storm or hurricane, the Named Storm Deductible shown on the **declarations page** for that **covered watercraft** will apply.

b.    Subsection 2.d. of the Limits of Liability provision is deleted and replaced by the following:

    d.    If two or more deductibles apply to any one covered loss, only the lowest deductible will apply.  However, if the loss is caused directly or indirectly by a weather system designated by the U.S. National Weather Service and/or the National Hurricane Center as a tropical storm or hurricane, only the highest deductible will apply.

c.    Subsection 2. in the second paragraph of the Insuring Agreement - Wreckage Removal Coverage provision is deleted and replaced by the following:

    2.    the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**, reduced by the amount paid or payable under this Part IV for loss to the **covered watercraft** and by the deductible shown on the **declarations page** that applies to the Comprehensive Coverage or Collision Coverage loss under this Part IV; and

d.    Subsection 1. in the third paragraph of the Insuring Agreement - Wreckage Removal Coverage provision is deleted and replaced by the following:

    1.    the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**, reduced by the amount paid or payable under this Part IV for loss to the **covered watercraft** and by the deductible shown on the **declarations page** that applies to the Comprehensive Coverage or Collision Coverage loss under this Part IV; and

e.    The following is added to the Insuring Agreement - Disappearing Deductibles provision:

The provisions in this policy regarding Disappearing Deductibles will not reduce or eliminate the Named Storm Deductible shown on the **declarations page**.

**All other terms, limits, and provisions of this policy remain unchanged.**

Form Z820 (12/11)



Continued

Policy number:  85003211-6
RICHARD MURDAUGH
Page 1   of 1

## Medical Payments Coverage Endorsement

**Your** policy is amended as follows:

### Part II - Medical Payments Coverage

The following is deleted under the Limits of Liability provision:

No one will be entitled to duplicate payments under this policy for the same elements of damages.

Any amount payable to an **insured person** under this Part II will be reduced by any amount paid or payable for the same expense under Part I - Liability To Others or Part III - Uninsured Boater Coverage.

**All other terms, limits and provisions of this policy remain unchanged.**

Form A066 SC (07/11)

Policy number: 85003211-3
RICHARD MURDAUGH
Page 1   of 1

## Pet Injury Coverage Endorsement

**Your** policy is amended as follows:

If **you** have purchased both Collision Coverage and Comprehensive Coverage for at least one **covered watercraft** under **your** policy, Pet Injury Coverage is added to Part IV - Physical Damage Coverage.

### INSURING AGREEMENT - PET INJURY COVERAGE

If **your pet** sustains injury or death while aboard a **covered watercraft** at the time of a loss covered under Collision Coverage or Comprehensive Coverage, **we** will provide:

1.  up to $1,000 for reasonable and customary veterinary fees incurred by **you** or a **relative** if **your pet** is injured in, or as a direct result of, the covered loss; or

2.  a $1,000 death benefit if **your pet** dies in, or as a direct result of, the covered loss, less any payment **we** made toward veterinary expenses for **your pet**.

In the event of a covered loss due to the theft of a **covered watercraft**, **we** will provide the death benefit provided **your pet** is aboard that **watercraft** at the time of the theft and **your pet** is not recovered.

### ADDITIONAL DEFINITION

The following definition applies to this coverage:

1.  "**Your pet**" means any dog or cat owned by **you** or a **relative**.

### LIMITS OF LIABILITY

The following additional Limits of Liability apply to Pet Injury Coverage:

1.  The most **we** will pay for all damages in any one loss is a total of $1,000 regardless of the number of dogs or cats involved.

2.  If **your pet** dies in, or as a direct result of, a covered loss, **we** will provide a death benefit of $1,000, less any payment **we** made toward veterinary expenses for **your pet**.

3.  No deductible shall apply to this coverage.

**All other terms, limits and provisions of this policy remain unchanged.**

Form Z838 (06/10)



**2748 SC 0814**

# SOUTH CAROLINA
## BOAT AND PERSONAL WATERCRAFT POLICY



Form 2748 SC (08/14)



## **CONTENTS**

**INSURING AGREEMENT** ............................................................................ 1

**GENERAL DEFINITIONS** ........................................................................... 1

**PART I - LIABILITY TO OTHERS**
    Insuring Agreement............................................................................ 3
    Additional Definition ......................................................................... 4
    Additional Payments.......................................................................... 4
    Exclusions ......................................................................................... 4
    Limits of Liability.............................................................................. 6
    Other Insurance ................................................................................. 7

**PART II - MEDICAL PAYMENTS COVERAGE**
    Insuring Agreement............................................................................ 7
    Additional Definitions........................................................................ 8
    Exclusions .......................................................................................... 8
    Limits of Liability.............................................................................. 9
    Unreasonable or Unnecessary Medical Expenses ...................................10
    Other Insurance .................................................................................10

**PART III - UNINSURED BOATER COVERAGE**
    Insuring Agreement............................................................................11
    Additional Definitions........................................................................11
    Exclusions .........................................................................................12
    Limits of Liability.............................................................................13
    Other Insurance .................................................................................14
    Arbitration.........................................................................................14

**PART IV - PHYSICAL DAMAGE COVERAGE**
    Insuring Agreement - Collision Coverage.................................................15
    Insuring Agreement - Comprehensive Coverage .....................................15
    Additional Definitions........................................................................15
    Exclusions .........................................................................................16
    Limits of Liability.............................................................................18
    Insuring Agreement - Total Loss Replacement/
      Purchase Price Coverage .............................................................19
    Insuring Agreement - Agreed Value Coverage ........................................ 20
    Insuring Agreement - Wreckage Removal Coverage.............................. 20
    Insuring Agreement - Mexico Coverage ...................................................... 21
    Insuring Agreement - Watercraft Emergency Towing and
      Labor Coverage ........................................................................... 22
    Insuring Agreement - Roadside Assistance Coverage .............................. 22
    Insuring Agreement - Disappearing Deductibles..................................... 23
    Payment of Loss.................................................................................. 24
    Salvage .............................................................................................. 24

No Benefit to Bailee ....................................................................... 24
Loss Payee Agreement .................................................................. 25
Other Sources of Recovery............................................................ 25
Appraisal ........................................................................................ 25

**PART V - REPLACEMENT COST PERSONAL EFFECTS COVERAGE**

Insuring Agreement........................................................................ 26
Additional Definitions..................................................................... 26
Exclusions...................................................................................... 27
Limits of Liability............................................................................ 29
Payment of Loss............................................................................. 29
No Benefit to Bailee ....................................................................... 30
Other Sources of Recovery............................................................ 30
Appraisal ........................................................................................ 30

**PART VI - FISHING EQUIPMENT COVERAGE**

Insuring Agreement........................................................................ 30
Additional Definitions..................................................................... 31
Exclusions...................................................................................... 31
Limits of Liability............................................................................ 33
Payment of Loss............................................................................. 33
No Benefit to Bailee ....................................................................... 34
Other Sources of Recovery............................................................ 34
Appraisal ........................................................................................ 34

**PART VII - DUTIES IN CASE OF AN ACCIDENT OR LOSS** .......................... 34

**PART VIII - GENERAL PROVISIONS**

Policy Period and Territory............................................................. 35
Changes......................................................................................... 35
Duty to Report Changes ................................................................ 36
Settlement of Claims ...................................................................... 36
Terms of Policy Conformed to Statutes ......................................... 36
Transfer of Interest ........................................................................ 37
Your Warranties to Us Regarding Your Covered Watercraft ......................... 37
Fraud or Misrepresentation ........................................................... 37
Payment of Premium and Fees ..................................................... 37
Cancellation ................................................................................... 38
Cancellation Refund....................................................................... 38
Nonrenewal .................................................................................... 39
Automatic Termination.................................................................... 39
Legal Action against Us.................................................................. 39
Our Rights to Recover Payment..................................................... 39
Our Rights to Inspect ..................................................................... 40
Joint and Individual Interests......................................................... 40
Bankruptcy ..................................................................................... 41

**SOUTH CAROLINA BOAT AND PERSONAL WATERCRAFT POLICY**

## INSURING AGREEMENT

In return for **your** payment of the premium, **we** agree to insure **you** subject to all the terms, conditions, and limitations of this policy. **We** will insure **you** for the coverages and the limits of liability shown on this policy's **declarations page**. **Your** policy consists of the policy contract, **your** insurance application, the **declarations page**, and all endorsements to this policy.

## GENERAL DEFINITIONS

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.
1.  "**Additional watercraft**" means a **watercraft you** become the owner of during the policy period that does not permanently replace a **watercraft** shown on the **declarations page** if:
    a.  **we** insure all other **watercraft you** own;
    b.  the **additional watercraft** is not covered by any other insurance policy;
    c.  **you** notify **us** within 30 days of becoming the owner of the **additional watercraft**; and
    d.  **you** pay any additional premium due.

    An **additional watercraft** will have the broadest coverage **we** provide for any **watercraft** shown on the **declarations page** other than Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage. **We** will provide basic Collision Coverage and Comprehensive Coverage for the **additional watercraft** instead of Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits. If **you** ask **us** to insure an **additional watercraft** more than 30 days after **you** become the owner, any coverage **we** provide will begin at the time **you** request coverage.
2.  "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.
3.  "**Covered watercraft**" means:
    a.  any **watercraft** shown on the **declarations page** for the coverages applicable to that **watercraft**;
    b.  any **additional watercraft**; and
    c.  any **replacement watercraft**.
4.  "**Declarations page**" means the document showing **your** coverages, limits of liability, **covered watercraft**, premium, and other policy-related information. The **declarations page** may also be referred to as the Boat Insurance Coverage Summary.
5.  "**Marine electronics**" means electronic devices used for marine navigation or marine communication, including, but not limited to, portable or handheld devices such as GPS.

1

6. "**Motor**" means a motor or motors owned by **you** and designed to propel a **covered watercraft**, including the following parts and accessories when supplied by the manufacturer:
   a. remote controls;
   b. electric harnesses;
   c. fuel containers; and
   d. batteries.

7. "**Occupying**" means in, on, entering, exiting, or proximate to a **watercraft**, or a non-motorized trailer which is designed to be towed on public roads by a land motor vehicle and designed for the transportation of a **watercraft**. "**Occupying**" includes being towed by a **watercraft** while the person is on a wake board, knee board, tube, air chair, or water skis. "**Occupying**" does not include in, on, entering, exiting, or proximate to a land motor vehicle.

8. "**Permanent equipment**" means equipment permanently installed on a **covered watercraft** using bolts or brackets, including slide-out brackets. "**Permanent equipment**" includes, but is not limited to, permanently installed:
   a. **marine electronics**;
   b. fish finders; and
   c. auxiliary trolling motors.

9. "**Portable boating equipment**" means detachable boating equipment owned by **you** and customarily kept in or on a **covered watercraft** for the maintenance or use of the **watercraft**. "**Portable boating equipment**" includes, but is not limited to:
   a. anchors;
   b. oars;
   c. sails;
   d. tarpaulins;
   e. extra fuel tanks;
   f. portable cook stoves;
   g. safety and life-saving equipment;
   h. deck chairs;
   i. water skis and other water sports equipment intended to be towed by a watercraft, including, but not limited to, wake boards, knee boards, tubes, and air chairs; and
   j. portable **marine electronics**.

10. "**Property damage**" means physical damage to, destruction of, or loss of use of tangible property.

11. "**Relative**" means a person residing in the same household as **you**, and related to **you** by blood, marriage, or adoption, and includes a ward, stepchild, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.

12. "**Replacement watercraft**" means a **watercraft** that permanently replaces a **watercraft** shown on the **declarations page**. A **replacement watercraft** will have the same coverage as the **watercraft** it replaces if the **replacement watercraft** is not covered by any other insurance policy. However:
    a. if the **watercraft** being replaced had coverage under Part IV - Physical Damage Coverage, such coverage will apply to the **replacement watercraft** only

2

during the first 30 days after **you** become the owner unless **you** notify **us** within that 30-day period that **you** want **us** to extend coverage beyond the initial 30 days; and

b. if the **watercraft** being replaced had Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage, **we** will provide basic Collision Coverage and Comprehensive Coverage for the **replacement watercraft** instead of Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage.

If the **watercraft** being replaced did not have coverage under Part IV - Physical Damage Coverage, such coverage may be added, but the **replacement watercraft** will have no coverage under Part IV until **you** notify **us** of the **replacement watercraft** and ask **us** to add the coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits.

13. "**Seaworthy**" means fit to withstand the foreseeable and expected conditions of weather, wind, waves, and the rigors of normal and foreseeable use in whatever type of waters a **watercraft** will be located. For a **watercraft** to be considered seaworthy, **you** must (without limitation):
    a. exercise due diligence to properly manage the **watercraft**;
    b. comply with all federal safety standards and provisions; and
    c. follow all customary and manufacturer-recommended maintenance guidelines.

14. "**Trailer**" means a non-motorized trailer owned by **you** that is shown on the **declarations page** and which is designed to be towed on public roads by a land motor vehicle and designed for the transportation of a **covered watercraft**.

15. "**Watercraft**" means a boat or other craft that is designed for use on water and has a valid manufacturer's or state-assigned hull identification number.

16. "**We**", "**us**", and "**our**" mean the underwriting company providing the insurance, as shown on the **declarations page**.

17. "**You**" and "**your**" mean:
    a. a person shown as a named insured on the **declarations page**; and
    b. the spouse of a named insured if residing in the same household.

## PART I - LIABILITY TO OTHERS

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

Damages include prejudgment interest awarded against an **insured person**.

**We** will settle or defend, at **our** option, any claim for damages covered by this Part I.

3

## ADDITIONAL DEFINITION

When used in this Part I:

"**Insured person**" means:

a.  **you** or a **relative** with respect to an accident arising out of the ownership, mainte- nance, or use of a **watercraft** or **trailer**;
b.  any person with respect to an accident arising out of that person's use of a **cov- ered watercraft** or **trailer** with the permission of **you** or a **relative**;
c.  any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a. or b. above; and
d.  any Additional Interest Insured shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a. or b. above.

## ADDITIONAL PAYMENTS

In addition to **our** limit of liability, **we** will pay for an **insured person**:

1.  all expenses that **we** incur in the settlement of any claim or defense of any lawsuit;
2.  interest accruing after entry of judgment, until **we** have paid, offered to pay, or deposited in court that portion of the judgment which does not exceed **our** limit of liability. This does not apply if **we** have not been given notice of suit or the op- portunity to defend an **insured person**;
3.  the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in an amount exceeding **our** limit of liability, and **we** have no duty to apply for or furnish these bonds;
4.  up to $250 for a bail bond required because of an accident resulting in **bodily injury** or **property damage** covered under this Part I. **We** have no duty to apply for or furnish this bond; and
5.  reasonable expenses, including loss of earnings up to $200 per day, incurred at **our** request.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:

1.  **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any watercraft or trailer while being used:
    a.  to carry persons or property for compensation or a fee;
    b.  in any illegal transportation or trade; or
    c.  in any business or occupation.
    Subparts a. and c. of this exclusion do not apply to use of a **watercraft** or **trailer** for tournament fishing;
2.  any liability assumed under any contract or agreement by **you** or a **relative**;
3.  **bodily injury** to an employee of that **insured person** arising out of or within the course of employment. This exclusion does not apply to domestic employees if benefits are neither paid nor required to be provided under workers' compensa- tion, disability benefits, or similar laws;

4

4. **bodily injury** or **property damage** resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.

   This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

5. **bodily injury** or **property damage** due to a nuclear reaction or radiation;

6. **bodily injury** or **property damage** for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

7. any obligation for which the United States Government is liable under the Federal Tort Claims Act;

8. **bodily injury** or **property damage** caused by an intentional act of that **insured person**, or at the direction of that **insured person**, even if the actual injury or damage is different than that which was intended or expected;

9. **property damage** to any property owned by, rented to, being transported by, or in the charge of that **insured person**. The term "property" includes, without limitation, any **covered watercraft** and any watercraft other than a **covered watercraft**. This exclusion does not apply to a launching ramp, dock, mooring device or boat storage house rented by **you**;

10. **bodily injury** to **you** or a **relative**;

11. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any watercraft or trailer owned by **you** or furnished or available for **your** regular use, other than a **covered watercraft** or **trailer** for which this coverage has been purchased;

12. **bodily injury** or **property damage** arising out of the ownership, maintenance, or use of any watercraft or trailer owned by a **relative** or furnished or available for the regular use of a **relative**, other than a **covered watercraft** or **trailer** for which this coverage has been purchased. This exclusion does not apply to **your** maintenance or use of such watercraft or trailer;

13. **bodily injury** or **property damage** arising out of **your** or a **relative's** use of a watercraft or trailer, other than a **covered watercraft** or **trailer** for which this coverage has been purchased, without the permission of the owner of the watercraft or trailer or the person in lawful possession of the watercraft or trailer;

14. **bodily injury** or **property damage** arising out of the use of a **covered watercraft** or **trailer** while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of a **covered watercraft** or **trailer** by **you** or a **relative**;

15. **bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of that **insured person**. This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of watercraft;

5

16. **bodily injury** or **property damage** arising out of para-sailing, kite skiing, or any other activity involving a device designed for flight;
17. **bodily injury** or **property damage** that occurs because a **covered watercraft** is not in **seaworthy** condition;
18. **bodily injury** or **property damage** arising out of an accident involving a watercraft or trailer while being towed by or carried by a land motor vehicle;
19. payment for **bodily injury**, or any other payment or obligation, to any person eligible to receive any benefits required to be provided by **you** under the Jones Act or Federal Longshoremen's and Harbor Workers' Compensation Act; or
20. **bodily injury** or **property damage** arising out of an accident while using a watercraft as a primary or permanent residence.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for liability coverage is the most **we** will pay regardless of the number of:
1. claims made;
2. **covered watercraft**;
3. **insured persons**;
4. lawsuits brought;
5. watercraft or trailers involved in the accident;
6. premiums paid; or
7. **trailers**.

If **your declarations page** shows a split limit:
1. the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person resulting from any one accident;
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident; and
3. the amount shown for "property damage" is the most **we** will pay for the total of all **property damage** resulting from any one accident.

The "each person" limit of liability applies to the total of all claims made for **bodily injury** to a person and all claims of others derived from such **bodily injury**, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one accident. However, without changing this limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

The limits of liability under this Part I shall not be reduced by payments made under Part II - Medical Payments Coverage. However, no one is entitled to duplicate payments for the same elements of damages.

6

Any payment to a person under this Part I will be reduced by any payment to that person under Part III - Uninsured Boater Coverage.

**We** will not pay under this Part I any expenses paid or payable under Part II - Medical Payments Coverage.

If multiple boat and personal watercraft policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

A **watercraft** and:
1.    a **trailer** which the **watercraft** is in or on;
2.    a **trailer** to which the **watercraft** is attached;
3.    a **trailer** which the **watercraft** is in the process of being placed onto or into; or
4.    a **trailer** from which the **watercraft** is in the process of being removed;
are considered one **watercraft** for purposes of determining the limits of liability under this Part I. Therefore, the limits of liability will not be increased for an accident involving a **watercraft** and **trailer** in any of the aforementioned circumstances.

If **you** are legally required to pay for the cost of any attempted or actual raising, removal, towing, or destruction of the wreckage of a **covered watercraft** or a watercraft of others, then **we** will pay under this Part I up to the limit of liability for **property damage**, reduced by any other amounts paid or payable under this Part I for **property damage**. However, if Wreckage Removal Coverage applies under Part IV - Physical Damage Coverage, **we** will pay for the cost of any attempted or actual raising, removal, towing, or destruction of the wreckage of a **covered watercraft** pursuant to the limits set forth in the Wreckage Removal Coverage.

## OTHER INSURANCE

If there is any other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a watercraft or trailer, other than a **covered watercraft** or **trailer**, will be excess over any other collectible insurance, self-insurance, or bond.

## PART II - MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of an accident involving a **watercraft** or **trailer** because of **bodily injury**:
1.    sustained by an **insured person**; and
2.    caused by that accident.

7

**We**, or someone on **our** behalf, will determine:
1. whether the expenses for **medical services** are reasonable; and
2. whether the **medical services** are necessary.

**ADDITIONAL DEFINITIONS**

When used in this Part II:
1. "**Insured person**" means:
   a. **you** or a **relative**:
      (i) while **occupying** a **watercraft** or **trailer**; or
      (ii) when struck, while not **occupying** a **watercraft**, by a:
         (a) **watercraft**; or
         (b) trailer designed to transport a **watercraft** and to be towed on public roads by a land motor vehicle; and
   b. any other person while **occupying** a **covered watercraft** or **trailer** with the permission of **you** or a **relative**.
2. "**Medical services**" means medical, surgical, funeral, dental, x-ray, ambulance, hospital, and professional nursing services, and includes the cost of eyeglasses, hearing aids, pharmaceuticals, and orthopedic and prosthetic devices.

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART II.**

Coverage under this Part II will not apply to **bodily injury**:
1. sustained by any person while **occupying** a **covered watercraft** or **trailer** while it is being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. in any business or occupation.
   Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** or **trailer** for tournament fishing;
2. if workers' compensation benefits, or similar benefits, are available for the **bodily injury** under any state, federal, or maritime law;
3. to any person resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.
   This exclusion does not apply to **bodily injury** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;
4. due to a nuclear reaction or radiation;
5. for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

8

6. for which the United States Government is liable under the Federal Tort Claims Act;
7. sustained by any person while **occupying** any watercraft or trailer while located for use as a residence or premises;
8. sustained by any person while **occupying** or when struck by any watercraft or trailer owned by **you** or furnished or available for **your** regular use, other than a **covered watercraft** or **trailer** for which this coverage has been purchased;
9. sustained by any person while **occupying** or when struck by any watercraft or trailer owned by a **relative** or furnished or available for the regular use of a **relative**, other than a **covered watercraft** or **trailer** for which this coverage has been purchased. This exclusion does not apply to **you**;
10. to **you** or a **relative** while **occupying** any watercraft or trailer, other than a **covered watercraft** or **trailer**, without the permission of the owner of the watercraft or trailer or the person in lawful possession of the watercraft or trailer;
11. to any person while **occupying** a **covered watercraft** or **trailer** while leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of a **covered watercraft** or **trailer** by **you** or a **relative**;
12. caused directly or indirectly by:
    a. war (declared or undeclared) or civil war;
    b. warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or
    c. insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;
13. caused directly or indirectly by:
    a. any accidental or intentional discharge, dispersal, or release of radioactive, nuclear, pathogenic, or poisonous biological material; or
    b. any intentional discharge, dispersal, or release of chemical or hazardous material for any purpose other than its safe and useful purpose;
14. caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**. This exclusion applies regardless of whether the **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of watercraft;
15. arising out of para-sailing, kite skiing, or any other activity involving a device designed for flight;
16. sustained by any person while a watercraft or trailer is being towed by or carried by a land motor vehicle; or
17. that occurs because the **covered watercraft** is not in **seaworthy** condition.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for Medical Payments Coverage is the most **we** will pay for each **insured person** injured in any one accident regardless of the number of:
1. claims made;

2. **covered watercraft**;
3. **insured persons**;
4. lawsuits brought;
5. watercraft or trailers involved in the accident;
6. premiums paid; or
7. **trailers**.

No one will be entitled to duplicate payments under this policy for the same elements of damages.

Any amount payable to an **insured person** under this Part II will be reduced by any amount paid or payable for the same expense under Part I - Liability To Others or Part III - Uninsured Boater Coverage.

If multiple boat and personal watercraft policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

## UNREASONABLE OR UNNECESSARY MEDICAL EXPENSES

If an **insured person** incurs expenses for **medical services** that **we** deem to be unreasonable or unnecessary, **we** may refuse to pay for those expenses and contest them.

If the medical service provider sues the **insured person** because **we** refuse to pay expenses for **medical services** that **we** deem to be unreasonable or unnecessary, **we** will pay any resulting defense costs, and any resulting judgment against the **insured person**, subject to the limit of liability for this coverage. **We** will choose the counsel. **We** will also pay reasonable expenses, including loss of earnings up to $200 per day, incurred at **our** request.

The **insured person** may not sue **us** for expenses for **medical services we** deem to be unreasonable or unnecessary unless the **insured person** paid the entire disputed amount to the medical service provider or the medical service provider has initiated collection activity against the **insured person** for the unreasonable or unnecessary expenses.

## OTHER INSURANCE

If there is other applicable medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for an **insured person occupying** a watercraft or trailer, other than a **covered watercraft** or **trailer**, will be excess over any other insurance providing payments for **medical services**.

10

## PART III - UNINSURED BOATER COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured watercraft** because of **bodily injury**:
1. sustained by an **insured person**;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an **uninsured watercraft**.

**We** will pay under this Part III only after the limits of liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements.

Any judgment or settlement for damages against an owner or operator of an **uninsured watercraft** that arises out of a lawsuit brought without **our** written consent is not binding on **us**.

### ADDITIONAL DEFINITIONS

When used in this Part III, whether in the singular, plural, or possessive:
1. "**Insured person**" means:
   a. **you** or a **relative**;
   b. any person while operating a **covered watercraft** with the permission of **you** or a **relative**;
   c. any person **occupying**, but not operating, a **covered watercraft** or a **trailer**; and
   d. any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a., b., or c. above.
2. "**Uninsured watercraft**" means a watercraft of any type:
   a. to which no bodily injury liability bond or policy applies at the time of the accident;
   b. to which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:
      (i) denies coverage; or
      (ii) is or becomes insolvent;
   c. that is a hit-and-run watercraft whose operator or owner cannot be identified and which strikes:
      (i) **you** or a **relative**;
      (ii) a watercraft that **you** or a **relative** are **occupying**; or
      (iii) a **covered watercraft** or **trailer**;
      provided that the **insured person**, or someone on his or her behalf, reports the accident to the coast guard, police, or other civil authority within 24 hours or as soon as practicable after the accident; or
   d. to which a bodily injury liability bond or policy applies at the time of the acci-

11

dent, but the sum of all applicable limits of liability for bodily injury is less than the coverage limit for Uninsured Boater Coverage shown on the **declarations page**.

An "**uninsured watercraft**" does not include any watercraft, trailer, or equipment:
a. owned by **you** or a **relative** or furnished or available for the regular use of **you** or a **relative**;
b. owned or operated by a self-insurer, except a self-insurer that is or becomes insolvent;
c. while located for use as a permanent or primary residence;
d. owned by any governmental unit or agency;
e. that is a **covered watercraft** or **trailer**; or
f. that is being towed by or carried by a land motor vehicle.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.

Coverage under this Part III will not apply to:
1. **bodily injury** sustained by any person while using or **occupying** a **covered watercraft** or **trailer** while being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. in any business or occupation.
   Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** or **trailer** for tournament fishing;
2. **bodily injury** sustained by any person while using or **occupying** a watercraft or trailer that is owned by or available for the regular use of **you** or a **relative**. This exclusion does not apply to a **covered watercraft** or **trailer** that is insured under this Part III;
3. **bodily injury** sustained by **you** or a **relative** while using any watercraft or trailer, other than a **covered watercraft** or **trailer**, without the permission of the owner of the watercraft or trailer or the person in lawful possession of the watercraft or trailer;
4. directly or indirectly benefit any insurer or self-insurer under any of the following or similar laws:
   a. workers' compensation law;
   b. disability benefits law;
   c. Jones Act; or
   d. Federal Longshoremen's and Harbor Workers' Compensation Act;
6. **bodily injury** sustained by any person if that person or the legal representative of that person settles without **our** written consent;
7. **bodily injury** sustained by any person resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or

12

  b.  any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.

  This exclusion does not apply to **bodily injury** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

8. **bodily injury** sustained by any person while using or **occupying**:
   a.  a para-sail, kite ski, or any other device designed for flight;
   b.  a **covered watercraft** or **trailer** while leased or rented to others or given in exchange for any compensation; or
   c.  a **covered watercraft** or **trailer** without the express or implied permission of **you**, a **relative**, or the owner of the **covered watercraft** or **trailer**; or

9. any accident involving a watercraft or trailer that is being towed by or carried by a land motor vehicle.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for Uninsured Boater Coverage is the most **we** will pay regardless of the number of:

1. claims made;
2. **covered watercraft**;
3. **insured persons**;
4. lawsuits brought;
5. watercraft or trailers involved in the accident;
6. premiums paid; or
7. **trailers**.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for all damages resulting from any one accident. However, without changing this total limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

If **your declarations page** shows a split limit:

1. the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person resulting from any one accident; and
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident.

The "each person" limit of liability includes the total of all claims made for **bodily injury** to an **insured person** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

The Limits of Liability under this Part III shall be reduced by all sums:

1. paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible;

2. paid or payable under Part I - Liability To Others; and
3. paid or payable because of **bodily injury** under any of the following or similar laws:
   a. workers' compensation law;
   b. disability benefits law;
   c. Jones Act; or
   d. Federal Longshoremen's and Harbor Workers' Compensation Act.

**We** will not pay under this Part III any expenses paid or payable under Part II - Medical Payments Coverage.

No one will be entitled to duplicate payments for the same elements of damages.

If multiple boat and personal watercraft policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

## OTHER INSURANCE

If there is other applicable uninsured or underinsured boater coverage or similar coverage, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all available coverage limits. However, any insurance **we** provide with respect to a watercraft that is not a **covered watercraft**, or with respect to a trailer that is not a **trailer**, will be excess over any other uninsured or underinsured boater coverage or similar coverage.

## ARBITRATION

If **we** and an **insured person** cannot agree on:

1. the legal liability of the operator or owner of an **uninsured watercraft**; or
2. the amount of the damages sustained by the **insured person**;

this will be determined by arbitration if **we** and the **insured person** mutually agree to arbitration prior to the expiration of the bodily injury statute of limitations in the state in which the accident occurred.

In the event of arbitration, each party will select an arbitrator. The two arbitrators will select a third. If the two arbitrators cannot agree on a third arbitrator within 30 days, then on joint application by the **insured person** and **us**, the third arbitrator will be appointed by a court having jurisdiction.

Each party will pay the costs and fees of its arbitrator and any other expenses it incurs. The costs and fees of the third arbitrator will be shared equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured person** resides. Local rules of procedure and evidence will apply.

A decision agreed to by two of the arbitrators will be binding with respect to a determination of:

1. the legal liability of the operator or owner of an **uninsured watercraft**; and
2. the amount of the damages sustained by the **insured person**.

The arbitrators will have no authority to award an amount in excess of the limit of liability.

**We** and an **insured person** may agree to an alternate form of arbitration.

## PART IV - PHYSICAL DAMAGE COVERAGE

### INSURING AGREEMENT - COLLISION COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a **covered watercraft** resulting from **collision**.

### INSURING AGREEMENT - COMPREHENSIVE COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a **covered watercraft** that is not caused by **collision**.

A loss not caused by **collision** includes:

1. impact with an animal (including a bird);
2. explosion or earthquake;
3. fire;
4. malicious mischief or vandalism;
5. missiles or falling objects;
6. riot or civil commotion;
7. theft or larceny;
8. windstorm, hail, water, or flood; or
9. breakage of glass not caused by **collision**.

### ADDITIONAL DEFINITIONS

When used in this Part IV:

1. "**Agreed value**" means the "agreed value" as shown on the **declarations page**.
2. "**Collision**" means the upset of a **watercraft** or **trailer** or its impact with another watercraft or object. **Collision** includes those collisions caused by the failure of a line or mooring device securing a **watercraft**, other than such failures resulting from a:
   a. windstorm;
   b. flood;
   c. hailstorm;
   d. rainstorm; or
   e. thunderstorm or other weather event;
   for which a governmental agency issued a watch, warning, advisory, or similar notice.

15

3. "**Covered watercraft**" means a "**covered watercraft**" as defined in the "General Definitions" section of this policy, including the following components:
   a. **motor(s)**;
   b. **permanent equipment** even if temporarily stored ashore;
   c. **portable boating equipment** while used with the **covered watercraft** or while temporarily stored ashore; and
   d. **trailer**.
4. "**Purchase price**" means the "purchase price" as shown on the **declarations page**.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IV.

Coverage under this Part IV will not apply for loss:
1. to any watercraft or trailer while being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. in any business or occupation.

   Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** or **trailer** for tournament fishing;
2. to any watercraft or trailer caused by, or reasonably expected to result from, a criminal act or omission of **you**, a **relative**, or the owner of a **covered watercraft**. This exclusion applies regardless of whether **you**, the **relative**, or the owner of the **covered watercraft** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of watercraft;
3. that occurs because a **covered watercraft** is not in **seaworthy** condition;
4. resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.

   This exclusion does not apply to loss resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;
5. to any watercraft or trailer for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;
6. due to destruction or confiscation of a **covered watercraft** by governmental or civil authorities because **you** or any **relative** engaged in illegal activities;
7. caused by an intentional act committed by or at the direction of **you**, a **relative**, or the owner of a **covered watercraft**, even if the actual damage is different than that which was intended or expected;

16

8. caused directly or indirectly by:
   a. wear and tear;
   b. gradual deterioration of any kind including, but not limited to, weathering, rust, corrosion, mold, wet or dry rot, osmosis, delamination, or blistering;
   c. dock rash or other gradual marring or scratching;
   d. mechanical, electrical, or structural breakdown; or
   e. any design, manufacturing, or latent defect;

   of any watercraft. This exclusion does not apply:
   a. if the damage results from the theft of a **covered watercraft**; or
   b. to ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

9. due and confined to:
   a. wear and tear;
   b. mechanical, electrical, or structural breakdown; or
   c. any design, manufacturing, or latent defect;

   of any trailer;

10. caused directly or indirectly by:
    a. insects, birds, or other animals, including rodents and other types of vermin, unless the **covered watercraft** sustaining the loss was secured with a fitted cover at the time of the loss;
    b. marine life; or
    c. smog, humidity, mildew, mold, ice, freezing, thawing, or extremes of temperature.

    This exclusion does not apply to:
    a. loss resulting from impact with an animal or marine life; or
    b. ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

11. due to theft or conversion of a **covered watercraft**:
    a. by **you**, a **relative**, or any resident of **your** household;
    b. prior to its delivery to **you** or a **relative**; or
    c. while on a trailer and in the care, custody, or control of anyone engaged primarily in the business of selling the **covered watercraft** while the **covered watercraft** is left in an unsecured condition or location for purposes of selling;

12. to any personal property other than a **covered watercraft**;

13. to a **covered watercraft** for diminution of value;

14. to a **covered watercraft** while it is leased or rented to others or given in exchange for any compensation. This exclusion does not apply to the operation of a **covered watercraft** by **you** or a **relative**;

15. to a **covered watercraft** if repairs are made in Mexico, except for those repairs that must be performed in Mexico in order to return the **covered watercraft** to the United States;

16. caused directly or indirectly by:
    a. war (declared or undeclared) or civil war;
    b. warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or

17

    c.   insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

17.  to any **covered watercraft** caused directly or indirectly by:

    a.   any accidental or intentional discharge, dispersal, or release of radioactive, nuclear, pathogenic, or poisonous biological material; or

    b.   any intentional discharge, dispersal, or release of chemical or hazardous material for any purpose other than its safe and useful purpose;

18.  arising out of an accident while using a **watercraft** as a primary or permanent residence; or

19.  that occurs because a **covered watercraft** has not been properly winterized in accordance with the manufacturer's specifications, subject to local customs.

## LIMITS OF LIABILITY

1.  The limit of liability for loss to a **covered watercraft** is the lowest of:

    a.   the actual cash value of the stolen or damaged property at the time of the loss, reduced by the applicable deductible. If the stolen or damaged property was an **additional watercraft** or **replacement watercraft**, the actual cash value for purposes of this subparagraph a. will not exceed the watercraft value shown on **your declarations page** unless **you** have notified **us** of the **additional watercraft** or **replacement watercraft** and paid any additional premium due;

    b.   the amount necessary to replace the stolen or damaged property, reduced by the applicable deductible;

    c.   the amount necessary to repair the damaged property to its pre-loss condition, reduced by the applicable deductible; or

    d.   the amount shown on the **declarations page** for that **covered watercraft**.

2.  Payments for loss to a **covered watercraft** are subject to the following provisions:

    a.   Coverage for **permanent equipment** and **portable boating equipment** will not cause **our** limit of liability for loss to a **watercraft** under this Part IV to be increased to an amount in excess of the actual cash value of the **watercraft**, including its **permanent equipment** and **portable boating equipment**.

    b.   A deductible of $250 shall apply to each loss to a **trailer**. However, no deductible shall apply for loss to a **trailer** if **you** have incurred any other deductible under Collision Coverage or Comprehensive Coverage for the same loss.

    c.   A deductible of $500 shall apply to each loss to **marine electronics**. However, no deductible shall apply for loss to **marine electronics** if **you** have incurred any other deductible under Collision Coverage or Comprehensive Coverage for the same loss.

    d.   If two or more deductibles apply to any one covered loss, only the lowest deductible will apply.

    e.   In determining the amount necessary to repair damaged property to its pre-loss condition, the amount to be paid by **us**:

        (i)   will not exceed the prevailing competitive labor rates charged in the area

where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

   (ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:

     (a) original manufacturer parts or equipment; and

     (b) nonoriginal manufacturer parts or equipment.

f. **We** may make reductions for unrepaired prior damage in determining the amount of loss.

g. The actual cash value is determined by the market value, age, and condition of the **covered watercraft** at the time the loss occurs.

h. In the event of a loss to part of a pair, set or series of objects, pieces, or panels, **we** may elect to:

   (i) pay to repair or replace any part needed to restore the pair, set, or series to its pre-loss condition, reduced by the applicable deductible; or

   (ii) pay the cost of a substitute part that reasonably matches the remainder of the pair, set, or series, reduced by the applicable deductible.

   **We** have no obligation to repair or replace the entire pair, set, or series if only a portion is lost or damaged.

3. If there is more than one **covered watercraft**, coverage will be provided as specified on the **declarations page** as to each **covered watercraft**.

4. In the event of a loss to an inflatable **covered watercraft**, **we** will pay for repairs made in accordance with the manufacturer's specifications or accepted repair practices, including repairs by airtight patch or similar method.

5. Duplicate recovery for the same elements of damages is not permitted.

## INSURING AGREEMENT - TOTAL LOSS REPLACEMENT/ PURCHASE PRICE COVERAGE

If **you** pay the premium for this coverage for a **covered watercraft**, then subsection 1. of the Limits of Liability provision under this Part IV shall not apply, and the following provision shall apply to a loss to that **covered watercraft**:

1. The limit of liability for a **covered watercraft** for which Total Loss Replacement/ Purchase Price Coverage was purchased is as follows:

a. for a loss that **we** determine to be a total loss to the **covered watercraft**:

   (i) if the **covered watercraft** is, at the time of the total loss, the current model year or the first through fourth preceding model year, and:

     (a) **you** replace the **covered watercraft**, **our** limit of liability shall be the cost, as determined by **us**, of a replacement **watercraft** that is:

       (1) to the extent possible, the same make, class, size, and type as, and which contains comparable equipment to, the **covered watercraft**; and

       (2) of any model year, as determined by **us**, but no older than the model year of the **covered watercraft**;

     reduced by the applicable deductible; or

19

    (b) **you** do not replace the **covered watercraft**, **our** limit of liability shall be the **purchase price** for the **covered watercraft**, reduced by the applicable deductible; or

  (ii) if the **covered watercraft** is, at the time of the total loss, the fifth preceding model year or older, **our** limit of liability shall be the **purchase price**, reduced by the applicable deductible;

b. for a loss to the **covered watercraft** that **we** determine to not be a total loss, **our** limit of liability is the lowest of:
   (i) the amount necessary to replace the stolen or damaged property, reduced by the applicable deductible;
   (ii) the amount necessary to repair the damaged property to its pre-loss condition, reduced by the applicable deductible; or
   (iii) the **purchase price** for the **covered watercraft**, reduced by the applicable deductible.

## INSURING AGREEMENT - AGREED VALUE COVERAGE

If **you** pay the premium for this coverage for a **covered watercraft**, then subsection 1. of the Limits of Liability provision under this Part IV shall not apply, and the following provision shall apply to a loss to that **covered watercraft**:

1. The limit of liability for a **covered watercraft** for which Agreed Value Coverage was purchased is as follows:
   a. for a loss that **we** determine to be a total loss to the **covered watercraft**, **our** limit of liability is the **agreed value** for the **covered watercraft**, reduced by the applicable deductible;
   b. for a loss to the **covered watercraft** that **we** determine to not be a total loss, **our** limit of liability is the lowest of:
      (i) the amount necessary to replace the stolen or damaged property, reduced by the applicable deductible;
      (ii) the amount necessary to repair the damaged property to its pre-loss condition, reduced by the applicable deductible; or
      (iii) the **agreed value** for the **covered watercraft**, reduced by the applicable deductible.

## INSURING AGREEMENT - WRECKAGE REMOVAL COVERAGE

If **you** pay the premium for Collision Coverage and Comprehensive Coverage, **we** will pay reasonable costs incurred by **you** for any attempted or actual raising, removal, towing, or destruction of the wreckage of a **covered watercraft** resulting from any loss for which Collision Coverage or Comprehensive Coverage is provided under this Part IV.

If **you** are legally required to raise, remove, tow, or destroy the wreckage, **our** limit of liability for costs incurred shall not exceed the sum of:

1. the limit of liability for **property damage** coverage, if any, shown on the **declarations page** for such **covered watercraft**, reduced by any amounts paid or payable for **property damage** under Part I - Liability To Others;

2. the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**, reduced by the amount paid or payable under this Part IV for loss to the **covered watercraft** and by the applicable Collision Coverage or Comprehensive Coverage deductible; and

3. five percent of the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**.

If **you** are not legally required to raise, remove, tow, or destroy the wreckage, **our** limit of liability for costs incurred shall not exceed the sum of:

1. the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**, reduced by the amount paid or payable under this Part IV for loss to the **covered watercraft** and by the applicable Collision Coverage or Comprehensive Coverage deductible; and

2. five percent of the **agreed value**, **purchase price**, or amount shown on the **declarations page** for that **covered watercraft**.

### INSURING AGREEMENT - MEXICO COVERAGE

In addition to the territory specified in Part VIII - General Provisions, if **you** pay the premium for Collision Coverage and Comprehensive Coverage, coverage under this Part IV shall apply to any loss meeting the requirements for coverage under this Part IV that occurs within any state, territory, or possession of Mexico, including ocean waters within 75 nautical miles of its coast. Payment for any loss covered under this Part IV that occurs in Mexico will be made in the United States. If a **covered watercraft** must be repaired in Mexico, **we** will pay only for those repairs that must be performed in order to return the **covered watercraft** to the United States and **we** will not pay more than the reasonable cost for such repairs usually charged at the nearest port of call in the United States.

This Mexico Coverage does not apply if liability insurance from a licensed Mexican insurance company is not in force at the time of loss.

The **covered watercraft** shall not remain in any state, territory, possession, or territorial waters of Mexico for more than 30 consecutive days. If the **covered watercraft** remains in any state, territory, possession, or territorial waters of Mexico for more than 30 consecutive days, the Mexico Coverage afforded under this Part IV shall not apply beyond the 30 days and shall not be available again until the **covered watercraft** exits any state, territory, possession, or territorial waters of Mexico and returns to within 75 nautical miles from the coast of the United States or Canada.

**WARNING**: WATERCRAFT ACCIDENTS IN MEXICO ARE SUBJECT TO THE LAWS OF MEXICO, NOT THE LAWS OF THE UNITED STATES. UNDER MEXICAN LAW, WATERCRAFT ACCIDENTS MIGHT BE CONSIDERED A CRIMINAL OFFENSE AS WELL AS A CIVIL MATTER. **YOU** MIGHT BE REQUIRED BY MEXICAN LAW TO PURCHASE LIABILITY INSURANCE THROUGH A LICENSED MEXICAN INSURANCE COMPANY. THE COVER-

AGE **WE** PROVIDE UNDER THIS POLICY DOES NOT MEET MEXICAN IN-
SURANCE REQUIREMENTS.

## INSURING AGREEMENT - WATERCRAFT EMERGENCY
## TOWING AND LABOR COVERAGE

Subject to the limit of liability shown on the **declarations page**, if **you** pay the premium
for this coverage, **we** will reimburse **you** for towing and labor costs, and the delivery
costs for parts and supplies, that are incurred by **you** as a result of the disablement of
a **covered watercraft** while afloat, provided that:
1.  the labor is performed at the place of disablement; and
2.  the disablement does not occur where the **covered watercraft** is usually kept.
**We** will not reimburse **you** for the cost of the parts and supplies themselves.

A deductible does not apply to this coverage.

Duplicate recovery for identical elements of damages is not permitted under this pol-
icy.

## INSURING AGREEMENT - ROADSIDE ASSISTANCE COVERAGE

If Roadside Assistance Coverage is shown on the **declarations page**, **we** will pay for
**our** authorized service representative to provide the following services when neces-
sary due to a **covered emergency** while **your covered watercraft** is being towed by
or carried by a land motor vehicle or being loaded or unloaded from its **trailer**:
1.  towing of the motor vehicle and **covered watercraft** (including **trailer**) to the near-
    est qualified repair facility; and
2.  labor on the motor vehicle and/or **trailer** at the place of disablement.

If the motor vehicle and **covered watercraft** (including **trailer**) are towed to any place
other than the nearest qualified repair facility, **you** will be responsible for any additional
charges incurred.

As used in this Roadside Assistance Coverage, "**covered emergency**" means a dis-
ablement of a motor vehicle or **trailer** that results from:
1.  mechanical or electrical breakdown;
2.  battery failure;
3.  insufficient supply of fuel, oil, water, or other fluid;
4.  a flat tire;
5.  lock-out; or
6.  entrapment in snow, mud, or sand within 100 feet of a road or highway.

Roadside Assistance Coverage will not apply to:
1.  the cost of purchasing parts, fluid, lubricants, fuel, or replacement keys, or the
    labor to make replacement keys;
2.  installation of products and materials not related to the disablement;
3.  labor not related to the disablement;

22

4.  labor for any time period in excess of 60 minutes per disablement;
5.  towing or storage related to impoundment, abandonment, illegal parking, or other violations of law;
6.  assistance with jacks, levelers, airbags, or awnings;
7.  damage or disablement due to fire, flood, or vandalism;
8.  towing from a service station, garage, or repair shop;
9.  labor or repair work performed at a service station, garage, or repair shop;
10.  vehicle storage charges;
11.  a second service call or tow for a single disablement;
12.  disablement that occurs on roads not regularly maintained, sand beaches, open fields, or areas designated as not passable due to construction, weather, or earth movement;
13.  mounting or removing of snow tires or chains;
14.  tire repair;
15.  repeated service calls for a motor vehicle or **trailer** in need of routine maintenance or repair;
16.  disablement that results from an intentional or willful act or action by **you**, a **relative**, or the operator of the motor vehicle or **trailer**;
17.  off-road vehicles which are not subject to motor vehicle registration and licensing; or
18.  motor vehicles or trailers used for business or commercial purposes.

When service is rendered by a provider in the business of providing roadside assistance and towing services, other than one of **our** authorized service representatives, **we** will pay only reasonable charges, as determined by **us**, for:
1.  towing of a motor vehicle and **covered watercraft** (including **trailer**) to the nearest qualified repair facility; and
2.  labor on a motor vehicle and/or **trailer** at the place of disablement;
which is necessary due to a **covered emergency**.

Any coverage provided under this Roadside Assistance Coverage for service rendered by an unauthorized service provider will be excess over any other collectible insurance or towing protection coverage.

### INSURING AGREEMENT - DISAPPEARING DEDUCTIBLES

If Disappearing Deductibles is shown on the **declarations page**, then the following is added to the Limits of Liability provision under this Part IV:

If, during any policy period, **you** do not have a loss under Collision Coverage nor Comprehensive Coverage for which **we** have paid any amount, then:
1.  any deductible for Collision Coverage and Comprehensive Coverage for a **watercraft** for which the **declarations page** shows Disappearing Deductibles shall be reduced for the following policy period by 25 percent; and
2.  no deductible for Collision Coverage and Comprehensive Coverage for a **watercraft** for which the **declarations page** shows Disappearing Deductibles

23

will apply for the fifth policy period and thereafter if **you** do not have any losses during the previous four consecutive policy periods.

If **you** have a loss at any time for which **we** make a payment under Collision Coverage or Comprehensive Coverage, then the most recent elected deductibles for Collision Coverage and Comprehensive Coverage will be restored for the subsequent policy period for each **watercraft** for which Disappearing Deductibles is shown on the **declarations page**. Thereafter, the deductibles for each **watercraft** for which Disappearing Deductibles is shown on the **declarations page** may again be reduced if the conditions set forth above are satisfied.

Reductions and increases in the deductible under this provision shall apply to all **watercraft** for which Disappearing Deductibles is shown on the **declarations page**.

The provisions in this policy regarding Disappearing Deductibles will reduce or eliminate the deductible for loss to a **covered watercraft** only if the **declarations page** shows Disappearing Deductibles for that **covered watercraft**. The provisions in this policy regarding Disappearing Deductibles will not reduce or eliminate the deductible for loss to **trailers** or **marine electronics**.

### PAYMENT OF LOSS

**We** may, at **our** option:
1. pay for the loss in money; or
2. repair or replace the damaged or stolen property.

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

### SALVAGE

If **we** pay the actual cash value of **your covered watercraft** less any applicable deductible, or if **we** pay the amount necessary to replace **your covered watercraft** less any applicable deductible, **we** are entitled to all salvage. If **we** determine that **your covered watercraft** is a total loss and **we** pay the applicable limit of liability shown on the **declarations page**, **we** are entitled to the same percent of salvage as **our** payment bears to the actual cash value of **your covered watercraft**.

### NO BENEFIT TO BAILEE

Coverage under this Part IV will not directly or indirectly benefit any carrier or other bailee for hire.

24

**LOSS PAYEE AGREEMENT**

If a **covered watercraft** is deemed by **us** to be a total loss, payment under this Part IV will be made according to **your** interest and the interest of any loss payee or lienholder shown on the **declarations page** or designated by **you**. Payment may be made to both jointly, or separately, at **our** discretion. **We** may make payment for a partial loss covered under this Part IV directly to the repair facility with **your** consent.

The loss payee or lienholder's interest will not be protected where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of **you** or a **relative**, or where the loss is otherwise not covered under the terms of this policy.

**We** will be entitled to the loss payee or lienholder's rights of recovery, to the extent of **our** payment to the loss payee or lienholder.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance that **we** provide for a **watercraft**, other than a **covered watercraft**, will be excess over any other collectible source of recovery including, but not limited to:
1. any coverage provided by the owner of a watercraft other than a **covered watercraft**;
2. any other applicable physical damage insurance; and
3. any other source of recovery applicable to the loss.

**APPRAISAL**

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **you** nor **we** waive any rights under this policy by agreeing to an appraisal.

25

## PART V - REPLACEMENT COST PERSONAL EFFECTS COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to **personal effects** and **non-owned personal effects** while in or on a **covered watercraft**.

No coverage is provided for theft of **personal effects** or **non-owned personal effects** unless such items are stolen from a locked compartment or cabin, the theft is supported by evidence of forcible entry, and the insured person, or someone on his or her behalf, reports the theft to the United States Coast Guard, the police, or other civil authority within 24 hours or as soon as practicable after the loss.

### ADDITIONAL DEFINITIONS

When used in this Part V:

1. "**Fishing equipment**" means any sport fishing gear and equipment that is used in the taking of fish for sport and recreation, or for personal consumption, including, but not limited to, rods, reels, lures, lines, and tackle boxes. "**Fishing equipment**" does not include **permanent equipment**, **portable boating equipment**, or **personal effects**.
2. "**Non-owned personal effects**" means clothing and other personal property, not owned by **you** or a **relative**, which is lawfully in the possession of **you** or a **relative**. "**Non-owned personal effects**" does not include:
   a. money, traveler's checks, securities, evidence of debt, or valuable papers or documents;
   b. jewelry, watches, gems, precious stones, silver, gold, or other precious metals;
   c. antiques, fine arts, liquor, or furs;
   d. computer hardware and software;
   e. any property used in **your** or a **relative's** business or employment;
   f. animals (including birds and fish);
   g. **fishing equipment**;
   h. **permanent equipment**; or
   i. **portable boating equipment**.
3. "**Personal effects**" means clothing and other personal property owned by **you** or a **relative**. "**Personal effects**" does not include:
   a. money, traveler's checks, securities, evidence of debt, or valuable papers or documents;
   b. jewelry, gems, precious stones, watches, silver, gold, or other precious metals;
   c. antiques, fine arts, liquor, or furs;
   d. computer hardware and software;
   e. any property used in **your** or a **relative's** business or employment;
   f. animals (including birds and fish);

26

g. **fishing equipment**;
h. **permanent equipment**; or
i. **portable boating equipment**.

## EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART V.

Coverage under this Part V does not apply to any loss to **personal effects** or **non-owned personal effects**:

1. while the **covered watercraft** is being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. for commercial or business purposes.
   Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** for tournament fishing;
2. caused by, or reasonably expected to result from, a criminal act or omission of **you**, a **relative**, or the owner of the **non-owned personal effects**. This exclusion applies regardless of whether **you**, the **relative**, or the owner of the **non-owned personal effects** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of watercraft;
3. that occurs because the **covered watercraft** is not in **seaworthy** condition;
4. resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.
   This exclusion does not apply to loss resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;
5. due to a nuclear reaction or radiation;
6. for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;
7. due to destruction or confiscation by governmental or civil authorities because **you** or any **relative** engaged in illegal activities;
8. caused by an intentional act committed by or at the direction of **you**, a **relative**, or the owner of the **non-owned personal effects**, even if the actual damage is different than that which was intended or expected;
9. caused directly or indirectly by:
   a. wear and tear;
   b. gradual deterioration of any kind including, but not limited to, weathering, rust, corrosion, mold, wet or dry rot, osmosis, or blistering;
   c. dock rash or other gradual marring or scratching;

27

d. mechanical, electrical, or structural breakdown, except for subsequent loss by fire or explosion; or

e. any design, manufacturing, or latent defect;

of any watercraft or trailer. This exclusion does not apply:

a. if the damage results from the theft of a **covered watercraft**; or

b. to ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

10. caused directly or indirectly by:

a. insects, birds, or other animals, including rodents and other types of vermin, unless the **covered watercraft** where the **personal effects** or **non-owned personal effects** were located at the time of the loss was secured with a fitted cover at the time of the loss;

b. marine life; or

c. smog, humidity, mildew, mold, freezing, thawing, or extremes of temperature.

This exclusion does not apply to:

a. loss resulting from impact with an animal or marine life; or

b. ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;

11. due to theft or conversion of such **personal effects** or **non-owned personal effects**:

a. by **you**, a **relative**, or any resident of **your** household; or

b. prior to their delivery to **you** or a **relative**;

12. for diminution of value;

13. while the **personal effects** or **non-owned personal effects**, or the **covered watercraft** which they are in or on, are leased or rented to others or given in exchange for any compensation. This exclusion does not apply when **you** or a **relative** is using the **personal effects**, **non-owned personal effects**, or the **covered watercraft** which the **personal effects** or **non-owned personal effects** are in or on;

14. caused directly or indirectly by:

a. war (declared or undeclared) or civil war;

b. warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or

c. insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

15. caused directly or indirectly by:

a. any accidental or intentional discharge, dispersal, or release of radioactive, nuclear, pathogenic, or poisonous biological material; or

b. any intentional discharge, dispersal, or release of chemical or hazardous material for any purpose other than its safe and useful purpose;

16. arising out of an accident while using a watercraft as a primary or permanent residence; or

17. that occurs because a **covered watercraft** has not been properly winterized in accordance with the manufacturer's specifications, subject to local customs.

**LIMITS OF LIABILITY**

1. The limit of liability for loss to **personal effects** and **non-owned personal effects** will be the lowest of:
   a. the amount necessary to replace the stolen or damaged property, reduced by any applicable deductible;
   b. the amount necessary to repair the damaged property to its pre-loss condition, reduced by any applicable deductible;
   c. any applicable limit set forth in subsection 2. or 3. below; or
   d. the amount shown on the **declarations page** for Replacement Cost Personal Effects Coverage.

   The limit of liability for loss to part of a pair, set or series of objects, pieces, or panels is the lowest of:
   a. the cost to repair or replace the part that restores the pair, set, or series to its pre-loss condition, reduced by the applicable deductible; or
   b. the cost of a substitute part that reasonably matches the remainder of the pair, set, or series.
   **We** have no obligation to repair or replace the entire pair, set, or series if only a portion is lost or damaged.
2. The limit for the combined loss to all **non-owned personal effects** in any one loss is the aggregate of \$500.
3. The limit for loss to any one item of **personal effects** in any one loss is \$1,000.
4. Payments for loss covered under this Part V are subject to the following provisions:
   a. a deductible of \$250 shall apply to each loss to **personal effects** or **non-owned personal effects**;
   b. no more than one deductible shall be applied to any one covered loss;
   c. in determining the amount necessary to repair damaged property to its pre-loss condition, the amount to be paid by **us**:
      (i) will not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and
      (ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:
         (a) original manufacturer parts or equipment; and
         (b) nonoriginal manufacturer parts or equipment; and
   d. duplicate recovery under this policy for the same elements of loss is not permitted.

**PAYMENT OF LOSS**

**We** may, at **our** option:
1. pay for the loss in money; or
2. repair or replace the damaged or stolen property.

29

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

## NO BENEFIT TO BAILEE

Coverage under this Part V will not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

The insurance that **we** provide under this Part V for **personal effects** is primary. However, any insurance that **we** provide for a loss to **non-owned personal effects** shall apply as excess coverage over any other collectible source of recovery including, but not limited to, any coverage provided by homeowners, renters, or tenants insurance.

## APPRAISAL

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## PART VI - FISHING EQUIPMENT COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to **fishing equipment**.

No coverage is provided for theft of **fishing equipment** from any location other than a **watercraft** unless such equipment is stolen from a locked compartment, a locked vehicle or **your** locked residence, the theft is supported by visible evidence of forcible entry, and the insured person, or someone on his or her behalf, reports the theft to the United States Coast Guard, the police, or other civil authority within 24 hours or as soon as practicable after the loss.

**ADDITIONAL DEFINITIONS**

When used in this Part VI:
1. "**Fishing equipment**" means any sport fishing gear and equipment owned by **you** or a **relative** that is used in the legal taking of fish for sport and recreation, or for personal consumption, including, but not limited to, rods, reels, lures, lines, and tackle boxes. "**Fishing equipment**" does not include **permanent equipment**, **portable boating equipment**, or **personal effects**.
2. "**Personal effects**" means clothing and other personal property owned by **you** or a **relative**. "**Personal effects**" does not include:
   a. money, traveler's checks, securities, evidence of debt, or valuable papers or documents;
   b. jewelry, gems, precious stones, watches, silver, gold, or other precious metals;
   c. antiques, fine arts, liquor, or furs;
   d. computer hardware and software;
   e. any property used in **your** or a **relative's** business or employment;
   f. animals (including birds and fish);
   g. **fishing equipment**;
   h. **permanent equipment**; or
   i. **portable boating equipment**.

**EXCLUSIONS - READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART VI.**

Coverage under this Part VI does not apply to any loss to **fishing equipment**:
1. while the **covered watercraft** is being used:
   a. to carry persons or property for compensation or a fee;
   b. in any illegal transportation or trade; or
   c. for commercial or business purposes.
   Subparts a. and c. of this exclusion do not apply to use of a **covered watercraft** for tournament fishing;
2. caused by, or reasonably expected to result from, a criminal act or omission of **you** or a **relative**. This exclusion applies regardless of whether **you** or the **relative** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include violations of laws or regulations governing the operation of watercraft;
3. that occurs because the **covered watercraft** is not in **seaworthy** condition;
4. resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed, or demolition contest or activity; or
   b. any driving, riding, navigation, piloting, or boating activity conducted on a permanent or temporary racecourse.
   This exclusion does not apply to loss resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest, or in practice or preparation for any such contest;

31

5. due to a nuclear reaction or radiation;
6. for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;
7. due to destruction or confiscation by governmental or civil authorities because **you** or any **relative** engaged in illegal activities;
8. caused by an intentional act committed by or at the direction of **you** or a **relative**, even if the actual damage is different than that which was intended or expected;
9. caused directly or indirectly by:
   a. wear and tear;
   b. gradual deterioration of any kind including, but not limited to, weathering, rust, corrosion, mold, wet or dry rot, osmosis, delamination, or blistering;
   c. dock rash or other gradual marring or scratching;
   d. mechanical, electrical, or structural breakdown, except for subsequent loss by fire or explosion; or
   e. any design, manufacturing, or latent defect;
   of any watercraft or trailer. This exclusion does not apply:
   a. if the loss results from the theft of a **covered watercraft**; or
   b. to ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;
10. caused directly or indirectly by:
    a. insects, birds, or other animals, including rodents and other types of vermin, unless the **covered watercraft** in or on which the **fishing equipment** was located at the time of the loss was secured with a fitted cover at the time of the loss;
    b. marine life; or
    c. smog, humidity, mildew, mold, freezing, thawing, or extremes of temperature.
    This exclusion does not apply to:
    a. loss resulting from impact with an animal or marine life; or
    b. ensuing loss caused by consequential sinking, burning, explosion or collision of a **covered watercraft**;
11. due to theft or conversion of such **fishing equipment**:
    a. by **you**, a **relative**, or any resident of **your** household; or
    b. prior to its delivery to **you** or a **relative**;
12. for diminution of value;
13. while the **fishing equipment** or the **covered watercraft** which the **fishing equipment** is in or on is leased or rented to others or given in exchange for any compensation. This exclusion does not apply when **you** or a **relative** is using the **fishing equipment** or the **covered watercraft** which the **fishing equipment** is in or on;
14. caused directly or indirectly by:
    a. war (declared or undeclared) or civil war;
    b. warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or
    c. insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;

15. caused directly or indirectly by:
    a. any accidental or intentional discharge, dispersal, or release of radioactive, nuclear, pathogenic, or poisonous biological material; or
    b. any intentional discharge, dispersal, or release of chemical or hazardous material for any purpose other than its safe and useful purpose;
16. arising out of an accident while using a **watercraft** as a primary or permanent residence; or
17. that occurs because a **covered watercraft** has not been properly winterized in accordance with the manufacturer's specifications, subject to local customs.

## LIMITS OF LIABILITY

1. **Our** limit of liability under this Part VI for loss to **fishing equipment** will be the lowest of:
    a. the amount necessary to replace the stolen or damaged property, reduced by the applicable deductible;
    b. the amount necessary to repair the damaged property to its pre-loss condition, reduced by the applicable deductible; or
    c. the amount shown on the **declarations page** for Fishing Equipment Coverage.

    However, the most **we** will pay for loss or damage to any one item of **fishing equipment** is $1,000. A tackle box or any other container used to store lures, hooks, and baits is considered one item regardless of the number of lures, hooks, baits, and other items stored in the container. A rod and reel are considered two separate items.
2. Payments for loss covered under Fishing Equipment Coverage are subject to the following provisions:
    a. a deductible of $250 shall apply to each loss to **fishing equipment**;
    b. no more than one deductible shall be applied to any one covered loss;
    c. in determining the amount necessary to repair damaged property to its pre-loss condition, the amount to be paid by **us**:
       (i) shall not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired, and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and
       (ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured, or used, including, but not limited to:
           (a) original manufacturer parts or equipment; and
           (b) nonoriginal manufacturer parts or equipment; and
    d. duplicate recovery under this policy for the same elements of loss is not permitted.

## PAYMENT OF LOSS

**We** may, at **our** option:
1. pay for the loss in money; or

2.  repair or replace the damaged or stolen property.

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

## NO BENEFIT TO BAILEE

Coverage under this Part VI will not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

The insurance that **we** provide under this Part VI for **fishing equipment** is primary.

## APPRAISAL

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## PART VII - DUTIES IN CASE OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each accident or loss even if **you** or the person seeking coverage is not at fault. **You** or the person seeking coverage must provide **us** with all accident or loss information including time, place, and how the accident or loss happened. **You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the manufacturer's or state-assigned hull identification number of the watercraft involved.

If **you** or the person seeking coverage cannot identify the owner or operator of a watercraft involved in the accident, or if theft or vandalism has occurred, **you** or the person

34

seeking coverage must notify the police, United States Coast Guard, or other civil authority, in accordance with applicable laws and regulations, within 24 hours or as soon as practicable.

A person seeking coverage must:
1.  cooperate with **us** in any matter concerning a claim or lawsuit;
2.  provide any written proof of loss **we** may reasonably require;
3.  allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you** or any other person seeking coverage and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4.  promptly call to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to the claim or suit;
5.  attend hearings and trials as **we** require;
6.  take reasonable steps after a loss to protect the **covered watercraft**, or any other watercraft or trailer for which coverage is sought, from further loss. **We** will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
7.  allow **us** to have the damaged **covered watercraft**, or any other damaged watercraft or trailer for which coverage is sought, inspected and appraised before its repair or disposal;
8.  submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require; and
9.  authorize **us** to obtain medical and other records.

## PART VIII - GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses occurring during the policy period shown on the **declarations page** and which occur within:
1.  a state, territory, or possession of the United States of America, or a province or territory of Canada, including their in-land lakes, rivers, and navigable waterways;
2.  the Great Lakes; or
3.  ocean waters 75 nautical miles or less from the coast of either the United States or Canada, but not including the territory or territorial waters of any country other than the United States or Canada.

### CHANGES

This policy contract, **your** insurance application (which is made a part of this policy as if attached hereto), the **declarations page**, and all endorsements to this policy issued by **us** contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

35

The premium for this policy is based on information **we** received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and to notify **us** if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **you** agree that **we** may adjust **your** premium accordingly.

Changes that may result in a premium adjustment are contained in **our** rates and rules. These include, but are not limited to, changes in:
1. the number or type of **covered watercraft**;
2. operators using **covered watercraft**;
3. marital status of any operator;
4. coverage, deductibles, or limits of liability; or
5. rating territory or discount eligibility.

The coverage provided in **your** policy may be changed only by the issuance of a new policy or an endorsement by **us**. However, if during the policy period **we** broaden any coverage afforded under the current edition of **your** policy without additional premium charge, that change will automatically apply to **your** policy as of the date the coverage change is implemented in **your** state.

If **you** ask **us** to delete a **watercraft** from this policy, no coverage will apply to that **watercraft** as of the date and time **you** ask **us** to delete it.

## DUTY TO REPORT CHANGES

**You** must promptly notify **us** when:
1. **your** mailing or residence address changes;
2. there is a change with respect to the residents in **your** household or the persons who regularly operate a **covered watercraft**; or
3. an operator's marital status changes.

## SETTLEMENT OF CLAIMS

**We** may use estimating, appraisal, or injury evaluation systems to assist **us** in adjusting claims under this policy and to assist **us** in determining the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by **us** or a third party and may include computer software, databases, and specialized technology.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform with the statutes of the state listed on **your** application as **your** principal place of garaging, docking, or mooring **your covered watercraft**, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed

on **your** application as **your** principal place of garaging, docking, or mooring **your covered watercraft**.

## TRANSFER OF INTEREST

The rights and duties under this policy may not be transferred to another person without **our** written consent. However, if a named insured shown on the **declarations page** dies, this policy will provide coverage until the end of the policy period for the legal representative of the named insured, while acting as such, and for persons covered under this policy on the date of the named insured's death.

## YOUR WARRANTIES TO US REGARDING YOUR COVERED WATERCRAFT

**You** warrant and represent to **us** that, at the inception of this policy, **your covered watercraft** is in **seaworthy** condition. Violation of this warranty will void this policy from its inception.

**You** further warrant and represent to **us** that **you** will continue to maintain **your covered watercraft** in **seaworthy** condition and to comply with all federal safety standards and provisions. This policy does not cover any loss or damages caused by **your** failure to maintain **your covered watercraft** in **seaworthy** condition or to comply with all federal safety standards and provisions.

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void this policy at any time, including after the occurrence of an accident or loss, if **you**:
1. made incorrect statements or representations to **us** with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;

at the time of application. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

## PAYMENT OF PREMIUM AND FEES

If **your** initial premium payment is by check, draft, electronic funds transfer, or similar form of remittance, coverage under this policy is conditioned on payment to **us** by the financial institution. If the financial institution upon presentment does not honor the check, draft, electronic funds transfer, or similar form of remittance, this policy may, at **our** option, be cancelled from its inception by notice of cancellation or rescission. This

means **we** will not be liable under this policy for any claims or damages that would otherwise be covered if the check, draft, electronic funds transfer, or similar form of remittance had been honored by the financial institution. Any action by **us** to present the remittance for payment more than once shall not affect **our** right to void this policy.

In addition to premium, fees may be charged on **your** policy. **We** may charge fees for installment payments, late payments, and other transactions. Payments made on **your** policy will be applied first to fees, then to premium due.

### CANCELLATION

**You** may cancel this policy during the policy period by calling or writing **us** and stating the future date that **you** wish the cancellation to be effective.

**We** may cancel this policy during the policy period by mailing a notice of cancellation, stating the specific reason for cancellation, to the named insured shown on the **declarations page** at the last known address appearing in our records. If cancellation is for nonpayment of premium, notice will be mailed at least 10 days before the effective date of cancellation. If cancellation is for any other reason, notice will be mailed at least 30 days before the effective date of cancellation.

**We** may cancel this policy for any reason if the notice is mailed within the first 120 days of the initial policy period.

After this policy is in effect for more than 120 days, or if this is a renewal or continuation policy, **we** may cancel only for one or more of the following reasons:
1. nonpayment of premium;
2. material misrepresentation of fact which, if known to **us**, would have caused **us** not to issue the policy;
3. substantial change in the risk assumed, except to the extent that **we** should reasonably have foreseen the change or contemplated the risk in writing the policy;
4. substantial breaches of contractual duties, conditions, or warranties; or
5. loss of **our** reinsurance covering all or a significant portion of the particular policy insured, or where continuation of the policy would imperil **our** solvency or place **us** in violation of the insurance laws of the State of South Carolina.

Proof of mailing will be sufficient proof of notice. If this policy is cancelled, coverage will not be provided as of the effective date and time shown in the notice of cancellation. For purposes of cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverages for all persons and all watercraft and trailers.

### CANCELLATION REFUND

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If this policy is cancelled, any refund due will be computed on a daily pro-rata basis.

## NONRENEWAL

If neither **we** nor one of **our** affiliates offers to renew or continue this policy, **we** will mail notice of nonrenewal, stating the specific reason for nonrenewal, to the named insured shown on the **declarations page** at the last known address appearing in **our** records. Proof of mailing will be sufficient proof of notice. Notice will be mailed at least 60 days before the end of the policy period if the nonrenewal will be effective between November 1 and May 31. Notice will be mailed at least 90 days before the end of the policy period if the nonrenewal will be effective between June 1 and October 31.

## AUTOMATIC TERMINATION

If **we** or an affiliate offers to renew or continue this policy and **you** or **your** representative does not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer.

If **you** obtain other insurance on a **covered watercraft**, any similar insurance provided by this policy will terminate as to that **covered watercraft** on the effective date of the other insurance.

If a **covered watercraft** is sold or transferred to someone other than **you** or a **relative**, any insurance provided by this policy will terminate as to that **covered watercraft** on the effective date of the sale or transfer.

## LEGAL ACTION AGAINST US

**We** may not be sued unless there is full compliance with all the terms of this policy.

**We** may not be sued for payment under Part I - Liability To Others until the obligation of an insured person under Part I to pay is finally determined either by judgment after trial against that person or by written agreement of the **insured person**, the claimant, and **us**. No one will have any right to make **us** a party to a lawsuit to determine the liability of an **insured person**.

If **we** retain salvage, **we** have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

## OUR RIGHTS TO RECOVER PAYMENT

**We** are entitled to all the rights of recovery that the insured person to whom payment was made has against another, to the extent of **our** payment. That insured person may be required to sign documents related to the recovery and must do whatever else is necessary to help **us** exercise those rights, and do nothing after an accident or loss to prejudice those rights.

When an insured person has been paid by **us** and also recovers from another, the amount recovered will be held by the insured person in trust for **us** and reimbursed to **us** to the extent of **our** payment. If **we** are not reimbursed, **we** may pursue recovery of that amount directly against that insured person. If an insured person recovers from another without **our** written consent, the insured person's right to payment under any affected coverage will no longer exist.

If **we** elect to exercise **our** rights of recovery against another, **we** will also attempt to recover any deductible incurred by an insured person under this policy unless **we** are specifically instructed by that person not to pursue the deductible. **We** have no obligation to pursue recovery against another for any loss not covered by this policy.

**We** reserve the right to compromise or settle the deductible and property damage claims against the responsible parties for less than the full amount. **We** also reserve the right to incur reasonable expenses and attorney fees in pursuit of the recovery.

If the total recovery is less than the total of **our** payment and the deductible, **we** will reduce reimbursement of the deductible based on the proportion that the actual recovery bears to the total of **our** payment and the deductible. A proportionate share of collection expenses and attorney fees incurred in connection with these recovery efforts will also reduce reimbursement of the deductible.

These provisions will be applied in accordance with state law.

### OUR RIGHTS TO INSPECT

**We**, and any rating, advisory, rate service, or similar organization that makes insurance inspections, surveys, reports, or recommendations on **our** behalf, have the right to:
1. make inspections and surveys after providing **you** with reasonable notice;
2. provide **you** reports related to any conditions that **we** identify with respect to a **covered watercraft** or any property; and
3. recommend changes with respect to any identified conditions.

This does not mean that **we** or any entity acting on **our** behalf:
1. make safety inspections;
2. undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public;
3. warrant or represent that conditions are safe or healthful;
4. warrant or represent that conditions comply with laws, regulations, codes, or standards; or
5. warrant or represent that a **covered watercraft** is in **seaworthy** condition.

### JOINT AND INDIVIDUAL INTERESTS

If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured will be binding on all persons provided coverage under this policy.

40

**BANKRUPTCY**

The bankruptcy or insolvency of an insured person will not relieve **us** of any obligations under this policy.





**2748 SC 0814**

