IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Philadelphia Indemnity Insurance Company,<br><br>                   Plaintiff,<br>v.<br><br>Richard Alexander Murdaugh, Richard Alexander Murdaugh, Jr. and Renee S. Beach, as Personal Representative of the Estate of Mallory Beach,<br><br>                   Defendants. | Civil Action No.: 9:19-cv-02782-SAL<br><br>**DEFENDANTS RICHARD ALEXANDER MURDAUGH AND RICHARD ALEXANDER MURDAUGH, JR.'S SUR-REPLY TO PHILADELPHIA INDEMNITY INSURANCE COMPANY'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

      Understanding that sur-replies are generally disfavored, Defendants briefly respond to the new matters raised in Philadelphia Indemnity Insurance Company's ("Philadelphia") Reply (Dkt. No. 35). Philadelphia's reply misstates the facts and completely overlooks the primary basis upon which its policy must provide coverage

      Philadelphia contends for the first time in its Reply that "the Boat Policy was not in effect at the time the Umbrella Policy was issued. Therefore, Murdaugh could not have 'intended to procure a policy that would provide excess coverage' over it." (Philadelphia Reply at 2). This contention, however, is incorrect. The Progressive Northern Insurance Company policy ("the Boat Policy") was in effect at the time the Umbrella Policy was issued. The Boat Policy declaration page attached to Defendants' responsive memorandum as Exhibit 4 (Dkt. No. 28-4) states on its face that it is a "Renewal" of a prior policy period. Defendants are attempting to locate the declaration page for the policy that Exhibit 4 renewed and will submit that as a supplemental exhibit when located.

More importantly, however, Philadelphia's Reply completely ignores the primary basis upon which its policy provides coverage for this boat accident. Without quoting the Follow Form endorsement, Philadelphia incorrectly asserts that it "incorporates *only* the provisions of . . . the Philadelphia Commercial Lines Policy," and that '[t]he underlying scheduled policy is the only 'applicable insurance'." (Philadelphia Reply at 3). In fact, the Follow Form endorsement states that it will follow "the applicable 'underlying insurance' shown in the Schedule of Underlying Insurance *unless otherwise directed by this policy. . . .*" (emphasis added). The Umbrella Policy directs that "[Watercraft] coverage provided will follow the provisions, exclusions and limitations of the 'underlying insurance' unless otherwise directed by the insurance." The Umbrella Policy includes within its definition of "underlying insurance" "*Any other insurance available to the insured.*" (emphasis added). *See Comm'rs of the State Ins. Fund v. Aetna Cas. & Sur. Co.*, 283 A.D.2d 335, 335-36, 728 N.Y.S.2d 6, 7 (App. Div. 2001) ("Although the State Insurance Fund is not listed in the umbrella policy's schedule of underlying insurance, it comes within the policy's definition of 'underlying insurance,' because this term is defined in the policy to encompass both the policies listed in the schedule of underlying insurance and '[a]ny other insurance available to the insured.'" (alteration in original)). Therefore, the Progressive Boat Policy is an "underlying insurance" policy, Defendants are insureds under that policy, and the Umbrella Policy affords coverage to Defendants in the underlying lawsuit.

                TURNER PADGET GRAHAM & LANEY, P.A.

                /s/ Robert E. Kneece III
                John S. Wilkerson, III Federal ID No.:  4657
                Robert E. Kneece III, Federal ID No.:  12351
                40 Calhoun Street, Suite 200
                Post Office Box 22129 (29413)
                Charleston, SC 29401

Telephone: (843) 576-2801
Facsimile: (843) 577-1649
Email: JWilkerson@TurnerPadget.com
      RKneece@TurnerPadget.com


GRIFFIN DAVIS

James M. Griffin, Federal ID No.: 1053
4408 Forest Drive, Suite 300
P.O. Box 999 (29202)
Columbia, SC 29206
Email: jgriffin@griffindavislaw.com

**ATTORNEYS FOR DEFENDANTS RICHARD ALEXANDER MURDAUGH AND RICHARD ALEXANDER MURDAUGH, JR.**

January 15, 2021